MILLER, Appellant, *vs.* B. F. & J. THURMOND, Respondents.

1. Under the first section of the fourth article of the practice act of 1849, the jurisdiction of courts, in suits where land is the subject of litigation, depends exclusively upon the residence or presence of the parties, and not upon the location of the land. That section repeals the second section of the first article of the act concerning practice in chancery, (R. C. 1845.)

*Appeal from Franklin Circuit Court.*

Suit to obtain the legal title to land in Franklin county. The defendants filed a plea to the jurisdiction of the court, upon the hearing of which, it was admitted that one of the defend-

31—VOL. XX.

ants resided in Green county, in this state, where the summons was served upon him, and the other in California; whereupon the suit was dismissed, and the plaintiff appealed.

*Stevenson*, for appellant. Suits concerning real estate must be brought in the county where the land or the greater part thereof is situate. (R. C. 1845, Practice in Chancery, art. 1, sec. 2.) This provision is not repealed by the new practice act. (Art. 30, sec. 4.)

*C. Jones*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

Under our new practice act, (art. 4, sec. 1,) the jurisdiction of the court is made to depend exclusively upon the residence and presence of the parties, without any reference to the position of the land sued for, when land is the subject of the suit, and the consequence is, the old statute rule in relation to equity suits affecting real estate, prescribed by the second section of the first article of the revised chancery practice act of 1845, is repealed.

Here, one of the two defendants was a non-resident of the state, and the other resided in Green county, where he was served with process, and the suit was brought by a resident of Franklin county for land there. In such a case, by the express words of the law, the suit must be either in the county in which the resident defendant resides, or in the county in which the plaintiff resides, and the resident defendant is found; and here, of course, it was improperly brought in Franklin county, where, although the plaintiff resided, the defendant was not present to be served with process.

The judgment is affirmed.