Gardner v. Armstrong.

———◄●○●►———

SAMUEL H. GARDNER, Respondent, v. DAVID H. ARMSTRONG, Appellant.

1. In actions upon contract at law, the party in whom is vested the legal interest is the proper party to bring suit.
2. When the trustee in a deed of trust to secure a debt sells real estate, he is the proper party to sue for the purchase money, and the purchaser has nothing to do with the proper application of the price paid.
3. In a petition to recover the price of land sold, an averment, after setting forth the contract, that the plaintiff demanded payment, in accordance with defendant's bid, which payment defendant refused to make, is a sufficient statement of a breach of contract.

Gardner v. Armstrong.

4. If a contract is set up in a petition which is good at common law, the defence that it is not in writing, as required by the statute of frauds, &c., must be pleaded by him who would avoid it, and if not so pleaded, it is waived.

5. The difference between the sum bid at an auction sale of land and that bid at a re-sale is a proper criterion of the damages sustained by the refusal of the purchaser to comply with his bid.

*Appeal from St. Louis Circuit Court.*

Gardner, as trustee under a deed of trust made by one Adela Douthett to secure the payment of certain notes therein mentioned, sued Armstrong to recover damages occasioned by the refusal of the latter to comply with his purchase, at auction, of the premises described in the deed.

The petition alleges that Adela Douthett made the deed of trust to plaintiff, &c. ; that said plaintiff sold the property at public vendue, for cash, and that defendant purchased at the price.of $8,000 ; that plaintiff tendered defendant a deed, who refused to accept the deed and pay the price aforesaid ; that plaintiff thereupon advertised and re-sold the land, at the sum of $4,500—and prayed judgment for $3,500, the difference between the prices bid at the two sales.

At the trial, plaintiff proved the notice of sale ; the tender of the deed, and defendant's refusal to receive the deed, on the ground of an alleged defect of title ; the re-sale at $4,-500. There was no evidence to show the value of the land.

Defendant offered no evidence, but asked the following instruction—" Upon all the evidence in this case, the plaintiff is not entitled to recover"—which the court refused, and defendant excepted. The court gave judgment for the $3,500, and interest.

Defendant moved for a new trial, on account of the refusal to grant said instruction, and that the damages were excessive. He also moved in arrest of judgment, for the reason that the petition did not state facts sufficient to constitute a cause of action.

Both motions being overruled, defendant appealed.

Gardner v. Armstrong.

*Krum & Harding*, for appellants.

I. The petition does not state facts sufficient to constitute a cause of action. 1. The wrong done is not to the plaintiff, but to the parties whose debts are secured by the deed of trust, in which the plaintiff has no interest. The plaintiff is not a mortgagee, nor does it appear that he was authorized to receive the proceeds of sale. For whose benefit is the suit prosecuted? From the petition this can not be determined. Plaintiff is not trustee of an express trust. 2. No breach of contract is shown. 3. The case is within the statute of frauds. The petition states that the auctioneer made a memorandum, in writing, at the time of sale, but does not state that he signed it. No proof was offered upon this point. The memorandum should contain a description of the property, the name of the seller, the name of the buyer, the price, and then be signed by the auctioneer. It must be so full and complete that parol proof will not be required to help it out. (7 Mo. 389 ; 2 Caines, 61, 66 ; 4 Maine, 9 ; Jackson v. Catlin, 2 Johns. 258.) 4. The deed was tendered seven days after sale, which was not within reasonable time. The deed should have been tendered within reasonable time. (Cleaves v. Foss, 4 Maine, 8.) 5. The plaintiff, electing to re-sell, took the risks of the price. 6. The damages were excessive ; he was liable for nominal damages, if liable at all. (Sedg. on Dam. 190, 278.)

*J. D. Coalter*, and *A. Hamilton*, for respondent.

I. The vendor of lands, on the failure of the purchaser to take the same, is entitled to recover the damages sustained ; and the difference in price between the original and the re-sale, although not conclusive, affords a good criterion of damages, as in an action for not accepting goods. (Addison on Cont. 179 ; 2 Hill on Vend. 106 ; Sedg on Vend. (13 Ed.) 200 ; Cleaves v. Foss, 4 Maine, 2 ; Adams v. Milligan, 7 Port. 63 ; 5 id. 180 ; Lambkin v. Crawford, 8 Ala. 157 ; Mount *v.*

Brown, 33 Miss. 567 ; Laird v. Pim, 7 M. & W. 474 ; Mayne on Dam. 102 ; Sedg. on Dam. 196, 297 ; 2 Kent's Pl. 504.)

II. The want of a written contract, so as to bind the de_fendant under the statute of frauds, was a matter of defence to be set up by the defendant. (Gist v. Ewbank, 29 Mo. 249 ; Wildbahn v. Robidoux, 11 Mo. 660 ; Hook v. Turner, 22 Mo. 335 ; Wiley v. Robert, 27 Mo. 391 ; Cozine v. Graham, 2 Paige, 181.) An auctioneer is the agent of both parties. (23 Mo. 427.)

III. The plaintiff's right to recover results from his position as trustee. Whether the damages recovered are needed to satisfy the debts secured is nothing to the defendant. (Grinnell v. Schmidt, Sand. Sup. C. 707 ; Hill on Trustees, 386, 387 & notes ; Treat v. Stanton, 14 Conn. 451 ; King v. Hill, 20 Ala. 133 ; Moore v. Bennett, 11 Ohio, 334; Harvey v. Dutcher, 15 Mo. 89 ; Miles v. Davis, 19 Mo. 408 ; Gibbons v. Gentry, 20 Mo. 468.)

DRYDEN, Judge, delivered the opinion of the court.

The errors complained of in this case are that the circuit court refused, first, to arrest the judgment ; and second, to grant the defendant a new trial. The point raised by the motion in arrest of judgment is based upon the ground that " the petition does not state facts sufficient to constitute a cause of action." It is urged in objection to the petition, that, as the plaintiff has no interest in the trust debt, the injury complained of was not an injury to him, but to the trust creditors, and therefore that he does not show in himself a cause of action. The objection assumes what is far from being true, that the beneficial interest in a contract determines the question who is to sue for a breach of it. The law regards the person to whom a promise is made, and with whom it is to be performed, as the one having the legal interest in the contract ; and, in actions *ex contractu* at common law, it is a fundamental rule of pleading that " the action must be brought in the name of the party in whom the legal interest in such contract is vested," without refer-

ence to who has the beneficial interest in the same. (1 Chitty's Pl. p. 2 & 3.)

This rule, in its application to cases like the present, is not thought to be changed by our statute relating to parties to actions. (R. C. 1855, p. 1217, § 2, art. 2.)

In the argument at bar, there was much discussion of the question whether the plaintiff, as to the damages sought to be recovered, is trustee for the trust creditors or for the trust debtors, or for either, or for both. If we are right in the view we have taken, it relieves us of the consideration of the question until the controversy shall arise between those who alone have an interest in its determination. It is enough that at law the defendant is answerable to the plaintiff, and to him only, for the alleged breach of contract. He has no more reason to be concerned about what may become of the damages that may be recovered than he should have had about what should have been done with the price bid for the land had he paid it. Another objection made to the petition is, that it does not aver any breach of the defendant's contract; this is answered by a reference to the petition itself, where, after setting forth the contract of the defendant to pay $8,000 for the land, it is averred that "the plaintiff demanded payment for the same, in accordance with his (defendant's) said bid, which payment he refused to make, and also refused to accept the deed. This is sufficient averment of the breach, especially after verdict and judgment.

The third and last ground of objection to the petition is, that it does not appear that the contract for the sale of the land was in writing, and signed, as required by the statute of frauds. The petition distinctly avers such contract of the plaintiff to sell and of the defendant to buy the land as at common law would be binding, and then ineffectually attempts to show its conformity to the requirements of the statute. If a compliance with the statute in making the contract was necessary to be shown, we should be obliged to hold the petition defective, but this is not necessary. If a contract is set up and relied upon, which is good at common

law, but voidable only for nonconformity to the statute, this is ground of defence to be pleaded by him who would avoid the contract, and if not so pleaded the matter is waived. We do not wish to be understood as holding that the petition would not be open to objection if it appeared on the face of it affirmatively that there was not a compliance with the statute ; but that, as in this, where a contract good at common law is shown, but an omission merely to show the statutory requirements, the petition is good. This disposes of the motion in arrest of judgment.

The propriety or impropriety of the action of the circuit court, in refusing the defendant a new trial, is determined by the consideration of the instruction asked by the defendant, but refused by the court, and of the question whether the damages were excessive. The instruction asked the court to say that, "upon all the evidence in this case, the plaintiff is not entitled to recover," and was, in effect, a demurrer to the evidence. None of the allegations of the petition are denied by the answer, and, therefore, stand admitted, except those relating to the length of the notice of sale, and the tender of the deed from plaintiff to defendant. The defendant, by way of excuse for not keeping his contract, charged, in his answer, that certain false representations, in regard to the condition of the houses, and fencing on the land, were made by the auctioneer at the time of the sale, and also, that after the sale he discovered the plaintiff had no title. On the trial, the plaintiff proved the giving of the notice and tender of the deed, as charged in the petition, and also complete title in the lands. The defendant offered no evidence. In this state of the case, the instruction was asked.

If the sustaining of every issue resting upon the plaintiff, by legal and competent evidence, entitled him to a recovery, the instruction was properly overruled.

Next, as to whether the damages were excessive. That a vendor of land, on failure of a purchaser to pay, may re-sell and recover damages for the breach of the first contract, is

well settled; and, although the difference in price between the first and second sales is not conclusive, yet, according to the authorities, it affords a good criterion of the damages actually sustained. If this rule has a just application in any case it is in this; for the frame of the pleadings is such as to relieve the court of the embarrassment usually experienced in finding the facts from which the damages result, and places it beyond all cavil that, in this instance, the plaintiff's damages are the difference between the price at the two sales. It is averred in the petition, and not denied in the answer, and therefore admitted, "that, at the first sale, there were other and responsible persons present who desired to purchase the property, and would have paid for the same as much ($8,000) as was bid by the defendant, but for the misconduct of the defendant." And that, at the second sale, "although all legal and proper means were used to effect a sale at the highest price, yet plaintiff could only obtain $4,-500 for the property."

The court could not have given less, but might have given greater damages. The motion for a new trial was properly overruled.

The other judges concurring, the judgment is affirmed, with ten per cent. damages.