GORDON, *Trustee, et al., Appellants*, v. MADDEN.

1. **Instructions.** Instructions are properly refused which are repetitions of others already given, or are based on issues not raised by the pleadings.

2. **Pleading**: STATUTE OF FRAUDS. The statute of frauds, to be availed of as a defense, must be specially pleaded.

| 82 | 193 |
| 60a | 528 |
| 82 | 193 |
| 142 | 309 |

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Belch & Silver* for appellants.

*E. L. King* for respondent.

NORTON, J.—Omitting as much of the petition in this case as sets forth the right of plaintiffs to rent a certain farm therein described, it avers as plaintiffs' cause of action the following: "Plaintiffs state that defendant owes them $125 for the rent of said farm commencing in the month of May, 1878, and ending in December of said year, which said sum defendant promised to pay plaintiffs." The petition then avers non-compliance by defendant with this promise to pay and asks judgment.

The answer, after putting in issue the averments of the petition, sets up, substantially, that defendant never was a tenant of plaintiffs, but rented the premises of another person, and paid his rent. On the trial judgment was rendered for defendant, from which plaintiffs have appealed, and assign for error the action of the court in excluding evidence and in refusing and giving instructions.

From the first instruction given for plaintiffs, and the first and third given for defendant, it is evident that the court tried the case on the theory that plaintiffs' cause of action was based on the promise of defendant to pay plaintiffs, as their tenant, the amount specified in the petition for the rent of the farm for the time he was to occupy it. This was the matter averred in the petition and denied in the answer, and we are of the opinion that the court tried the case upon the correct theory. This view of it was taken by plaintiffs in the first instruction asked and given by the court, in which the question involved was fairly submitted to the jury. The second instruction asked, the refusal of which is complained of, was but a repetition of the first and was therefore properly refused. The third instruction asked presented an issue not raised by the pleadings and for that reason was rightfully refused.

We perceive no error in the action of the court in refusing to permit Mr. White, a witness, to detail a conversation between himself and McGill, as defendant was neither present nor a party to it.

The court, after having properly instructed the jury as to the issues made by the pleadings, gave an instruction for defendant, over plaintiffs' objection, to the effect that although the jury might believe that defendant promised to pay White any amount of rent due by one McGill and for which White gave McGill credit, yet unless such promise was in writing and signed by defendant he was not bound thereby. While this instruction asserted a correct abstract principle of law, still it was error to give it, inasmuch as the statute of frauds was not pleaded by defend-

ant in his answer, it being well settled in this State that the statute of frauds to be made available at the trial must be pleaded. *Rabsuhl v. Lack*, 35 Mo. 316; *Gardner v. Armstrong*, 31 Mo. 535.

The instruction, under the facts in evidence, was calculated to mislead, and for the error in giving it the judgment will be reversed and the cause remanded. All concur.