ELI PAXSON, Plaintiff, Appellant, v. J. N. PIERCE, Defendant, Appellant.

**St. Louis Court of Appeals, March 8, 1887.**

INSTRUCTIONS—TAKING CASE FROM JURY—CONTROVERTED FACTS.—The facts upon which depends the plaintiff's recovery, and its extent, being controverted by the evidence, the giving of an instruction to find for the plaintiff for one-half of his demand, is error prejudicial to both parties.

CROSS-APPEALS from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Reversed and remanded.*

GOODE & CRAVENS and H. E. HOWELL, for the plaintiff appellant: Paxson was entitled to recover for the whole amount sued for as the real party in interest. Bliss on Code Pleading, sects. 45 and 51 ; *Webb v. Morgan*, 14 Mo. 428 ; *Beattie v. Lett*, 38 Mo. 596. If Paxson was not entitled to recover the defendant has waived the objection to the defect of the parties plaintiff by failing to take advantage of it by demurrer or answer. *Haslkottle v. Meisner*, 50 Mo. 158; *Planing Mill v. Presbyterian Church*, 54 Mo. 520 ; *Rickey v. Tenbroeck*, 63 Mo. 563.

C. B. McAfee and Francis H. Shepard, for the defendant appellant : Where there is any evidence on any point in issue material and necessary to the decision of the case, the trier of the fact should pass on it. Neither the jury nor the chancellor can refuse to consider the evidence. *Flournoy v. Anderson*, 5 Mo. 513 ; *Brown v. Kimmel*, 67 Mo. 430 ; *The State v. Marshall*, 4 Mo. App. 29, 34 ; *Glasgow v. Lindell*, 50 Mo. 60 ; *Holliday v. Jones*, 59 Mo. 482 ; *DeGraw v. Prior*, 53 Mo. 313.

ROMBAUER, J., delivered the opinion of the court.

One Tevis, on the twenty-ninth of March, 1883, purchased an interest in an insurance agency, and agricultural implement agency in Springfield, from one Partridge for the sum of twenty-five hundred dollars, and in part payment executed and delivered to Partridge his seventeen promissory notes for the sum of fifty dollars each, the last note maturing November 30, 1884. Each of said notes was signed by the plaintiff, Hubbard, and Langston as sureties for Tevis. The notes thus executed were sold and delivered by Partridge to one Shepard for value.

In June, 1883, Tevis sold the interest thus bought by him in said agencies to the defendant, who paid to Tevis the sum of sixteen hundred and twenty-nine dollars in cash, and, as part consideration of the purchase, agreed with Tevis to assume the payment of the seventeen promissory notes above mentioned, and for that purpose executed the following instrument of writing :

"GREENE COUNTY NATIONAL BANK,
"SPRINGFIELD, Mo., June 16, 1883.

" This certifies that I assume the payment of seventeen notes for fifty dollars each ($850) signed by A. H. Tevis and others, held at the Greene County National Bank, and all interest which may accrue on them from this date.
"J. N. PIERCE."

This action was brought by the plaintiff, who, as

surety of Tevis, claimed to have paid off eleven of these promissory notes, which, as the petition alleges, the defendant, by the agreement above set out, had assumed to pay, and had failed and refused to pay, and which the plaintiff, as such surety, was compelled to pay. While the petition is not very full, the theory of the action is, that the plaintiff, by taking up these notes, became, under the facts of the case, subrogated to the rights of the holder, for whose benefit the promise of the defendant, hereinabove recited, was made. The petition was evidently thus construed by all the parties.

The answer, among other things, denied that the plaintiff had paid said notes. It further averred that the execution of the instrument of June 16, 1883, was brought about by the false and fraudulent representations of Tevis, and of Hubbard, one of his sureties ; that the agencies were, at the date of Tevis' sale to the defendant, worthless, and that the assumption, by the defendant, to pay the seventeen notes above mentioned, was without consideration, and void.

The reply was a general denial of the defendant's answer.

There was evidence tending to support the facts stated in the plaintiff's petition, and also evidence tending to support the affirmative defence set up in the defendant's answer. There was also evidence tending to show that the plaintiff paid only part of the notes with his own money, the other part being furnished to him by Hubbard, so as to enable the plaintiff to swear that he had paid it all. The plaintiff and Hubbard are the only solvent sureties on these notes of Tevis, the third surety being insolvent.

At the close of the testimony, the plaintiff asked the court to instruct the jury to find for the plaintiff for the entire amount paid by him, with interest, and the defendant asked the court to instruct the jury that, under the pleadings and evidence, the plaintiff could not

recover. The court refused both instructions, but, upon its own motion, instructed the jury as follows :

"The court instructs the jury that they will find the issues for the plaintiff and assess his damages at one-half the amount sued for, with six per cent. interest from the bringing of this suit until the present."

Both parties excepted to the action of the court in refusing their respective instructions, and in giving the instruction on its own motion, and, after ineffectual motions for new trial, both parties appealed to this court, and assign the action of the court on the instructions as error.

It appears from the foregoing statement that the complaint of both parties is just. As this was a trial upon controverted facts, the court could not, upon well settled rules, take the case from the jury by instruction. *Glasgow v. Lindell's Heirs*, 50 Mo. 60, 81; *DeGraw v. Prior*, 53 Mo. 313, 314; *Holliday v. Jones*, 59 Mo. 482; *Brown v. Kimmel*, 67 Mo. 430, 433; *Kelly v. Railroad*, 70 Mo. 604, 609. The plaintiff's instruction, which attempted to do this, was properly refused. The defendant's instruction, which was evidently founded on the non-joinder of Hubbard as a party plaintiff, was also properly refused, because such non-joinder, to be available as a defence, must be taken advantage of by demurrer or answer, and the objection, even if tenable, can not be raised by instruction. *Michael v. Insurance Co.*, 17 Mo. App. 23, 28; *Rogers v. Marsh*, 73 Mo. 70. But the instruction, given by the court of its own motion, was wholly unwarranted, and is error, of which both parties have a right to complain.

The plaintiff's right to recover rests upon the theory, that, in taking up and paying the eleven notes, he is subrogated to the rights of Shepard, the holder. Their payment was denied and the burden of proving it was with the plaintiff. If he was subrogated by payment, and the jury found the payment, and further found that the defendant's affirmative defence failed, then the plain-

tiff's measure of damages was the aggregate of the eleven notes, with interest according to their tenor ; hence the justice of the plaintiff's complaint to an instruction which established another, and smaller, measure of damages.

On the other hand the defendant denied that the notes were paid by the plaintiff, and set up as an affirmative defence that the defendant's promise was brought about by fraud and false representations, and was supported by no consideration, and the instruction of the court took both these issues from the jury ; hence, the justice of the defendant's complaint.

The judgment, therefore, is erroneous, and must be reversed at the instance of either party.

In view of a re-trial of the cause, we make the following suggestions : If the promise of the defendant, which is the foundation of the action, was brought about by the false and fraudulent representations of Tevis, or Tevis and Hubbard, and was not subsequently ratified by conduct, it must fail for want of consideration, because the plaintiff has parted with no new value on the faith of such promise, his rights are merely derivative, and are wholly dependent on the validity of the promise itself. If the defendant, in addition to the defence of fraud and want of consideration, desires to raise the defence of defect of parties, he must do so by answer. If the plaintiff desires to rely on the subsequent ratification of the contract by the defendant, with full knowledge of the facts, he should so state in his reply. The court, in instructing the jury, should instruct them as to the right of recovery and the plaintiff's measure of damages, on hypothetical facts evolved by the evidence, without assuming facts, and without referring them to the pleadings for the issues presented.

The judgment is reversed and the cause remanded. All the judges concur.