L. SCHARFF *et al.*, Respondents, v. LARRY KLEIN, Appellant.

### St. Louis Court of Appeals, December 6, 1887.

PRACTICE—STATUTE OF FRAUDS.—The statute of frauds is an affirmative defence and may be waived; and the defendant cannot avail himself of it, if he has failed to inform the trial court in any way that he relied upon it as a defence.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

G. M. STEWART, for the appellant: In order to avoid the effect of section 2514, of the Revised Statutes of 1879, there must be, not only a delivery and receipt of the goods, but there must always be an acceptance by the vendee. Benjamin on Sales (4 Am. Ed.) sec. 139 and note 1; *Kirby v. Johnson*, 22 Mo. 354; *Lovelace v. Stewart*, 23 Mo. 384; *Harvey v. Butchers' Ass'n*, 39 Mo. 211; *Delventhal v. Jones*, 53 Mo. 460; Benjamin on Sales (4 Am. Ed.) sec. 161, and note 12; *Allard v. Geasert*, 61 N. Y. 1, 5; *Rogers v. Phillips*, 40 N. Y. 519, 530.

A. C. STEWART, for the respondents: Entire performance of a contract by one of the parties to it takes the contract out of the operation of the statute of frauds. *Hoyle v. Bush*, 14 Mo. App. 408; *Winters v. Cherry*, 78 Mo. 344. Delivery need not be made at the time of sale, but is good if made subsequently. *Rickey v. Ten Broeck*, 63 Mo. 563; *Allen v. Richard*, 83 Mo. 59. It is not always even necessary to deliver, to satisfy the statute of frauds. *Erwin v. Arthur*, 61 Mo. 386; *Glass v. Gelvin*, 80 Mo. 297; *Dowell v. Taylor*, 2 Mo. App. 329; *Groffe v. Belche*, 62 Mo. 400; *Bobb v. Bobb*, 7 Mo. App.

501; s. c., 76 Mo. 419; *State to use v. Knapp, Stout & Co.*, 13 Mo. App. 467; *York v. Railroad*, 15 Mo. App. 598. The requirement of actual delivery applies only to executory contracts for future delivery of property not *in esse. Nance v. Metcalfe*, 19 Mo. App. 183.

ROMBAUER, J., delivered the opinion of the court.

This action was begun before a justice of the peace on the following statement:

"St. Louis, February 6, 1887.

"Munzesheimer & Klein,

"Bought of L. & A. Scharff, Dr.

To one jewelry case....................\$40 00
To carpenter work, painting, packing and
  shipping .......................... 15 00

                                        \$55 00"

There was judgment for plaintiffs upon retrial of the cause in the circuit court for the amount claimed.

There was no controversy touching the fact of purchase of the case by defendant of plaintiffs, nor was there any controversy touching the fact that the charge for carpenter's work, etc., was reasonable, and that payment for the same was made by plaintiffs upon defendant's request. The entire controversy between the parties turned upon the point whether there was a delivery of the article within the time agreed upon. On this point defendant's testimony was to the effect that, by the terms of the contract, the article was to be delivered before January, 1886, and was not in fact tendered until February 7, 1886. While plaintiffs' testimony was to the effect that, by the terms of the contract, they were authorized to retain the article until January 15, 1886, and then have it repaired and shipped to defendant, which they did.

There was no written memorandum of the sale. The contract in all its details was testified to by witnesses for plaintiffs as well as for the defendant, all of which testimony was unobjected to. There was also some corres-

pondence between the parties in evidence, but not of a sufficiently definite character to constitute a memorandum under the statute of frauds.

The defendant appealing now complains that the evidence adduced fails to show a valid contract under section 2514, of the Revised Statutes, being that section of the statute of frauds which refers to contracts of sale of goods, wares, and merchandise for the price of thirty dollars and upwards.

This point is not properly saved by anything in the record. The statute of frauds is an affirmative defence. It was held at one time that where an action originates in a court of record it must be pleaded to be available at the trial. *Rabsuhl v. Lack*, 35 Mo. 316 ; *Gordon v. Madden*, 82 Mo. 193 ; *Donalson v. Newman*, 9 Mo. App. 235, 242. The case of *Allen v. Richard*, 83 Mo. 55, 60, is opposed to *Gordon v. Madden*, *supra*, Commissioner Martin stating the proposition thus : "It is often laid down that the statute must be pleaded by the party claiming its benefits. But when the contract is denied the burden is upon the plaintiff to establish it by legal evidence. The defendant, therefore, may raise his defence at the time the proof is submitted by proper objection to its admission."

No case, however, can be found which goes to the extent that the defence of the statute may not be waived, and it is evident that in order to make the defence available it must be asserted in some manner which calls the attention of the trial court to the fact that it is relied on as a defence.

The present action originated before a justice of the peace and the defendant was not bound to raise the defence of the statute by written plea in any event, but he was unquestionably bound to call the attention of the trial court distinctly to the fact, in some manner, that he relied upon the statute as a defence, before he can be heard in this court to say that the trial court ignored this special defence. This he has failed to do. No objection was interposed by him to theoral evidence in-

troduced to establish the contract. Witnesses produced by himself testify to the details of it. The point is not raised distinctly by any of his instructions even. Nor is it called to the attention of the court by his motion for new trial, except by inference.

Under the circumstances we would not be at liberty to disturb the judgment, even if it was clear that the evidence fails to show such delivery and acceptance of the article in question as to take the case out of the statute, a question which we deem it unnecessary to decide.

All the judges concurring, the judgment is affirmed.

Rombauer, J., on March 1, 1888, delivered the opinion of the court, upon a motion for rehearing.

Two points are made upon this motion and are supported in an able argument filed by counsel for appellant. The first is, that the defence of the statute of frauds was properly raised by a demurrer to the plaintiffs' evidence, interposed by the defendant at the close of the plaintiffs' case, and by instructions asked at the close of all the testimony. The second is, that it appears by a written opinion filed by the trial judge, and produced for the first time in support of this motion, that he considered the defence as properly raised, and passed upon the case as if such defence had been properly presented.

Touching the second point it will suffice to say that the only question before this court on appeal is, whether the judgment rendered is warranted by the record before it, and whether such record discloses any error prejudicial to appellant. With the methods of reasoning employed by the trial court, provided its conclusions are correct, we have nothing to do. This proposition, which seems to be self-evident, has been repeatedly stated by us, and has been approved in emphatic terms by the Supreme Court in the case of *Lewis v. Carson*, 93 Mo. 587.

The first point raises a question of grave practical importance in the trial of causes, and requires some detailed examination, as it is one touching an important point of practice in the trial courts. We assume that, under the decisions of *Allen v. Richard*, 83 Mo. 55, and *Springer v. Kleinsorge*, 83 Mo. 152, rendered by the commissioners of the Supreme Court, and overruling previous decisions of the Supreme Court, without noticing them, the defence of the statute of frauds is available to the defendant under a plea of the general issue. We will further assume that since there are no pleadings in an action instituted before a justice of the peace, as the present action was, this defence in such actions may always be raised upon the trial by objecting to the evidence, since the appearance of the defendant is equivalent to the plea of the general issue. Assuming all this, however, we fail to see how the defence can be raised by instructions unless a foundation is first laid by an objection to the evidence.

Since the statute of frauds, under all the cases, including those decided by the commissioners, is an affirmative defence, it necessarily results that it is waived unless distinctly asserted. There is no case which goes to the extent of holding that a contract within the statute of frauds may not be proven by oral evidence, provided no objection is made thereto when offered. Notwithstanding the very emphatic language of the statute, the written memorandum required by it only occupies the position of primary evidence, and oral evidence of the contract is still legal evidence having probative force. Were it otherwise there would be no necessity of making the defence of the statute of frauds in any form, since it is an elementary proposition that judgments which are not supported by legal evidenc- cannot stand.

Such being the case it necessarily results that where a contract within the statute of frauds is fully estab- lished by oral evidence received without objection, it is too late, at the close of the evidence, to interpose the

objection by demurrer, that upon the case made the plaintiff cannot recover.

But counsel argues that, since an oral contract within the statute of frauds may be validated by delivery or part performance, an ,objection to the reception of oral evidence offered in support of the terms of the contract would be premature, since the plaintiff may show part performance or delivery, and thus render his offer of oral evidence as to the terms of the contract unobjectionable. This argument is fallacious. Evidence is frequently offered, which, unless connected with other evidence supplementing it, is incompetent or irrelevant. The proper course in such cases is to object to the evidence, conditionally, that is to say, unless connected with the proof of other facts which would render the evidence competent or relevant, as the case may be. If the party offering such evidence fails to connect it, then the whole evidence may be ruled out or demurred to. That was the course which the defendant ought to have pursued in the present instance. Having failed to pursue it, and the evidence offered having probative force, and being received without objection, he was not in a position to raise the objection by instruction.

In the views herein expressed, both Judge Lewis and Judge Thompson concur. It results that the motion for rehearing must be overruled.