## *Citty v. Manufacturing Co.

(*Knoxville.*    October 31, 1893.)

STATUTE OF FRAUDS.    *Must be specially pleaded.*

The statute of frauds must be specially pleaded whenever it is desired to rely upon it as a defense.

Cases cited: Brakefield *v.* Anderson, 87 Tenn., 206; Sneed *v.* Bradley, 4 Sneed, 304; Townsend *v.* Sharp, 2 Overton, 192; Patton *v.* McClure, M. & Y., 348; Newman *v.* Carroll, 3 Yer., 26; Pipkin *v.* James, 1 Hum., 325; Crippin *v.* Bearden, 5 Hum., 130; 86 Am. Dec., 682; 10 *Ib.*, 747; 68 *Ib.*, 191; 78 Ala., 243; 32 Ark., 97; 69 Ill., 639; 82 Mo., 193; 76 Maine, 227; 143 Mass., 386.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County.    JNO. A. MOON, J.

J. A. CAMPBELL and JNO. R. BEASLEY for Citty.

ELDER & MILLIGAN for Manufacturing Co.

WILKES, J.    The only question of importance in this cause is whether the statute of frauds can be relied upon under the general issue, or whether it must be specially pleaded by the defendant, in order that he may obtain the benefit of the same.

---

*Selected for report and annotation in L. R. A.—REPORTER.

The decisions are uniform that the statute must be set up in the pleadings, and its benefits claimed in all cases where, in fact or in law, the defendant admits making the alleged contract, otherwise the defendant will be held to have waived the benefit of it.

In many of the States of the Union, and in England until the making of the late rules under the Judicature Act, it was held that a *denial of the agreement set up* places the burden of proving it upon the plaintiff, and he must sustain it by proper evidence, and the objection that parol evidence is insufficient may be interposed at any time. See the cases cited and collated in 8 Am. & Eng. Enc. Law, p. 747; *Hotchkiss* v. *Ladd*, 86 Am. Dec., 682; *Talbot* v. *Bowen*, 10 Am. Dec., 747; *Wynn* v. *Garland*, 68 Am. Dec., 191.

On the other hand, it is held in many of the States that a failure to plead the statute specially is held to be a waiver of its benefit, and a consent that the agreement may be proven by parol. It has been so held in Alabama, Arkansas, Illinois, Missouri, Maine, Massachusetts, and other States. See *Brigham* v. *Carlisle*, 78 Ala., 243; *Gwynn* v. *McCauly*, 32 Ark., 97; *Illinois Coal Co.* v. *Leddell*, 69 Ill., 639; *Gorden* v. *Madden*, 82 Mo., 193; *Farrell* v. *Tillson*, 76 Maine, 227; *Graffam* v. *Pierce*, 143 Mass., 386, and other cases.

We consider the question an open one under our decisions.

In the case of *Brakefield* v. *Anderson*, 3 Pickle,

206, the Court said: "Either party may repudiate the contract whenever he may choose to do so without incurring any liability for its breach; but, when one party seeks its enforcement through the Courts, the statute, to be made available, must be relied on as a defense."

This case, however, does not decide whether the statute may be relied on in the evidence or must be relied on in the pleadings.

In *Sneed* v. *Bradly*, 4 Sneed, 304, the Court said: "The doctrine is now well established that upon a bill for the specific execution of such a contract, if the contract be fully set forth in the bill, and the defendant admits it in his answer, and submits to waive the statute of frauds, or does not insist upon the statute as a defense, a specific performance of the contract will be decreed."

It is also held in *Jennings* v. *Bishop*, referred to in 3 Pickle, 206, that a parol contract may be specifically executed against either party if he fails or refuses to rely upon the statute.

None of these cases pass directly upon the point of practice now involved and under consideration. The case of *Townsend* v. *Sharp*, 2 Overton, 192, is relied upon as settling the question in this State. In that case the action was brought upon a breach of a lease for fourteen months, and, among other things, the general issue was pleaded. The declaration also alleged that the lessee was to pay, and had paid, a certain quantity of corn in

part performance of his lease. Upon the trial, the plaintiff offered to prove the statements made in the declaration by parol, to which the defendant objected; but the Court overruled the objection, received the parol testimony, and instructed the jury that, if they believed the contract was made, *and in part executed,* by the parties, the case was not within the statute.

The only question passed upon by this · Court, on appeal, was whether *part performance* would take *the contract out of the statute.* From an examination of other cases involving the statute we find that it has been the almost universal practice to plead it when it is to be relied on. See *Patton* v. *McClure,* M. & Y., 348; *Newman* v. *Carroll,* 3 Yer., 26, and other cases.

When the case of *Townsend* v. *Sharp,* 2 Overton, 192, was decided, it was the holding of our Courts that contracts not complying with the statute of frauds were void. See *Pipkin* v. *James,* 1 Hum., 325; *Crippin* v. *Bearden,* 5 Hum., 130, and other cases.

At the present time our holding is that such contracts are voidable merely, at the option of either · party, and not void. See *Brakefield* v. *Anderson,* 3 Pickle, 606.

In view of this holding, we are of opinion the better practice is to require the statute of frauds to be specially pleaded whenever it is desired to rely upon it as a defense. To allow the defendant to proceed with his defense and speculate upon

his chances of a successful opposition until a large bill of cost has accumulated, and then, when he finds the chances against him, to permit him to interpose the statute, would be an unreasonable advantage to him at the expense of the plaintiff. If the contract is voidable under the statute, and the defendant intends to rely upon that fact and avoid it, it is but just that he should so notify the plaintiff, to the end that the litigation may end. If he does not rely upon the statute in his pleading, it is but just that the contract be enforced.

The mere denial of the execution of the contract is not equivalent to denying its validity and legality, since the contract may have been made, and still be invalid and voidable under the statute.

The judgment of the Court below is reversed, and appellee will pay the costs of the appeal, and the cause is remanded to the Court below for a new trial. The costs of the Court below will be adjudged by that Court.