GEORGE J. DAVIS, Assignee, Appellant, v. SARAH
KROYDEN, Respondent.

St. Louis Court of Appeals, January 15, 1895.

1. **Statute of Frauds:** SECONDARY EVIDENCE OF MEMORANDUM.
*Semble,* that the contents of a memorandum, required by the statute
of frauds to be in writing, may be established by secondary evidence
upon proof of the destruction of the memorandum.

2. ———: DEFENSE IN ACTIONS INSTITUTED IN JUSTICES' COURTS. The
statute of frauds can not be invoked in this court as a defense to
an action instituted before a justice of the peace, when the defense
was not raised in the circuit court, either by objection to evidence or
by instruction.

3. **Sales:** VARIANCE BETWEEN PLEADING AND EVIDENCE. An action was
instituted before a justice of the peace for the purchase money of
articles alleged to have been sold by the plaintiff to the defendant,
and in the statement of the cause of action credit was given to the
defendant for a stated sum as having been paid by him. The evi-
dence established the sale of the articles by the plaintiff to the de-
fendant, and a resale of them by the plaintiff for the amount of the
credit on the failure of the defendant to take them. *Held,* that the
variance was immaterial.

4. **Practice Trial:** NONSUIT IN ACTION TRIED BY THE COURT SITTING
AS A JURY. When there is substantial evidence in support of an
action at law which is tried by the court sitting as a jury, a nonsuit
is not proper because the trial court finds the weight of the evidence
to be against the plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Henry B. Davis* for appellant.

*William B. Thompson* for respondent.

ROMBAUER, P. J.—This suit originated before a
justice of the peace. The plaintiff, who is a statutory

assignee, averred in his statement filed before the justice that he sold some goods to the defendant at public sale for $358.10, of which amount the defendant paid $77.02, leaving a balance due of $281.08, for which he sues. On appeal the case was tried by the court without a jury. At the close of plaintiff's evidence the court declared, upon defendant's request, that upon the pleadings and evidence the plaintiff could not recover, and rendered judgment for the defendant. The plaintiff excepted to this ruling, and its correctness is the only question presented for review on this appeal.

It is the settled law of this state that a demurrer to the evidence can be sustained only, when no substantial evidence has been offered by the plaintiff to substantiate his cause of action. The plaintiff upon the trial gave evidence tending to show that the goods were sold by the plaintiff, as assignee, to the defendant at public auction; that they were set apart to her; that she said she had not money enough to pay for them but would get it, and return for the goods; that she did not return, whereupon the goods were resold, realizing $77.02. Whether the goods were resold at defendant's request did not clearly appear. The auctioneer and his clerk and the assignee testified that a cotemporaneous memorandum of the sale was made, which was subsequently destroyed by an accidental fire. While the decisions are conflicting, whether the contents of a lost memorandum can be proved orally, the weight of authority is to the effect that such proof is admissible. (Browne on the Statute of Frauds, 346 a). As, moreover, this proof was admitted without objection, and the defense of the statute of frauds was not raised either by objection to the evidence, or by instruction, there was substantial evidence to prove a sale in any view of the law on that subject. *Scharff*

Davis v. Kroyden.

*v. Klein*, 29 Mo. App. 549. It is evident, therefore, that the court could not nonsuit the plaintiff on the ground that there was no substantial evidence of a sale.

The only conceivable ground for a nonsuit is a fatal variance between the statement and the proof. The nonsuit can not be upheld on that ground, since this action was instituted before a justice of the peace where no formal pleadings are required. Laying the statute of frauds out of view, it becomes immaterial whether the credit of $77.02 was realized upon a resale of the goods, or whether it was a voluntary payment made by the defendant on account of her purchase. The essential questions were, whether the defendant bought the goods, and, if so, whether she was entitled to a greater credit than $77.02 on account of such purchase. Since there was substantial evidence on the affirmative of the first proposition, and on the negative of the second, the plaintiff's evidence, if believed, made out a *prima facie* case of a right of recovery to the amount claimed.

If the court sitting as a jury was not satisfied by plaintiff's evidence on the first of these propositions because it was not sufficiently clear, it should have refused the peremptory instruction as a court, and found for the defendant as a jury. The court lost sight of the dual capacity in which it was acting. A peremptory instruction of this character never addresses itself to the weight of the evidence.

If, on the other hand, the defendant claims that the goods were wrongfully converted by the plaintiff after sale and delivery to her, she should have made that a matter of defense. No unavoidable inference of a wrongful conversion arises from plaintiff's evidence; hence, the court could not instruct for the defendant on that ground.

The judgment is reversed and the cause remanded. All concur.