## COMMONWEALTH *v.* HUTCHINSON.

A prothonotary who, after his removal from office, had, prior to 1845, received fees collected by his successor, and is liable for the state tax, may be sued therefor in the Common Pleas of Dauphin, under the act of 1845.

A debt due to the commonwealth is not barred by the statute of limitations, or the bankrupt act of 1841.

IN error from the Common Pleas of Dauphin.

Assumpsit. The claim was for taxes on fees received by defendant, from his successor, after defendant's removal from the office of prothonotary of the District Court of Philadelphia. The account had been settled by the auditor-general and treasurer in 1835. The action was brought under the act of 1845. *Pleas.*—The statute of limi-

tation: discharge as a bankrupt in 1843: and that defendant did not receive the moneys declared for as a public officer, within the act of 1845. The fact of the discharge as a bankrupt was proved.

PEARSON, P. J., gave judgment for defendant, on that plea.

*Briggs* and *Parke*, for plaintiff in error.—The money was received in a fiduciary capacity, and hence the creditor was not within the act. It was money received, clothed with an express trust by the acts of Assembly. Debts due by auctioneers, have been held fiduciary within the act: 5 L. Rep. 258, and hence not barred; 7 Met. 424; 5 L. Rep. 264–7.

*McCormick*, contra.—The debt due was similar to those of an agent or factor, and which are discharged by the act: 6 Humph. 154; 6 Ohio, 58. The act of 1845, extends only to persons then or thereafter to be defaulting officers; hence the jurisdiction failed.

*July 5.* ROGERS, J.—We agree with the learned judge, that the Court of Common Pleas of Dauphin county has jurisdiction over this case, and that the act of limitations cannot avail the defendant. That time does not run against the commonwealth, is ruled in Johnston v. Irwin, 3 S. & R. 292, and Bagley v. Wallace, 16 S. & R. 245. And as to the jurisdiction of the court, although the case may not come within the 12th section of the act of the 16th April, 1845—which, however, we do not decide—yet, the 16th section would appear to have had in view a case similarly circumstanced with the present. That section directs the state treasurer and auditor-general to cause suits to be brought against all persons and their sureties, in the county of Dauphin, who are now defaulters to the commonwealth, and were officers *and sureties* such as are mentioned in the 12th section. The words "were officers and sureties," bring the defendant's case within the letter of the act, and could have been introduced for no other conceivable purpose than to embrace this case. Nor can we conceive any reason why the defendant should be exempted from the operation of the act. He was an officer such as is contemplated in the 12th section, and he failed to pay over the state's share of the tax which he received after the termination of his office. He is a public defaulter, as well in the popular sense as within the meaning of the 12th section.

But, although we agree as to the two first points, we differ in the last. We are of opinion, debts due the commonwealth are not

barred by the bankrupt certificate. The point was first ruled in the English Statutes of Bankruptcy, in an anonymous case reported in 1 Atk. 262. A bankrupt, as is there held, though he has conformed in every respect to the acts relating to bankruptcy, cannot be discharged from a commitment under an extent of the crown. The Lord Chancellor observed, the cause is not within the statute, and therefore he cannot be discharged from a commitment on behalf of the crown. The same point is ruled under the bankrupt act of the 4th April, 1800, in The United States v. King, Walla. R. 12. It is there decided, that debts due to the United States are not barred by a bankrupt certificate. The reason is, that the king is not bound because he was not named—a reason equally applicable to the United States, and to the commonwealth, which is, within its sphere, a sovereign state. And this principle has been asserted, as to the act of limitations, in Johnston v. Irwin, 3 S. & R. 292, and Bagley v. Wallace, 16 S. & R. 245. I have looked over the several statutes of bankruptcy, the English statutes, the act of 1800, and the present bankrupt act, and I see nothing to distinguish the last act from the former, in this particular. The reason applies to all. The commonwealth is not named in the act, and therefore not bound. Whether the United States or the commonwealth would be at liberty, under the general terms " all creditors," in the 5th section, to come in and prove their debts, so as to entitle them to a dividend, and whether, in that event, they would be barred by the certificate, it is needless to determine, as the point does not arise. We merely rule they are not compelled to do so, unless they are named. The exception in the act, of debts due by the bankrupt to the United States, indicates no intention that the government should be compelled to prove before the commissioners.

Judgment reversed, and judgment for the commonwealth.

Mr. Justice Coulter dissented from the judgment on the last point. He held, that the state having yielded her sovereignty, so far as the passage of the act of bankruptcy is concerned, is bound like individuals by its terms.