The State v. Joiner, 23 Miss. Rep., 500.

#### Defaulting Public Officer.

In a proceeding by the state upon the official bond of a defaulting public officer, a general statute of limitations or the neglect or delay of the public officers in commencing proceedings, is no defense.

A disabling statute does not apply to a state unless made applicable by its express terms.

Error to Monroe circuit court. WATTS, J.

The facts of the case are sufficiently stated in the opinion of the court.

*D. C. Glenn,* attorney general.

Cited Parmilee v. McNutt, 1 S. & M. 179.

*Guion & Baine* for plaintiff in error.

SMITH, C. J.:

This was a proceeding by motion on the official bond of Watson C. Joiner, as collector of taxes for the county of Noxubee, instituted pursuant to the directions of the 51st section of the statute regulating the collection of the public revenue.

The defendants demurred, and insist that the motion on its face shows that the state is not entitled to recover, because, 1. The statute requires the auditor of public accounts, within sixty days after defalcation on the part of a tax collector, to certify to the attorney general or district attorney for the proper district, the amount due from the defaulting collector, who is immediately to institute proceedings against such defaulter; whereas, the motion on its face shows that the defalcation occurred on the 1st March, 1843, and that the proceedings were not instituted until the 15th September, 1849. 2. Because it is apparent from the face of the motion, that it was barred by the statute of limitations.

The proper method of presenting the defense relied on by the defendants, would have been by plea; but to the mode adopted, no objection was made in the court below.

There may have been neglect on the part of the auditor of public accounts, or of the district attorney; in the one for not

certifying within sixty days the amount due by the collector, in the other for not immediately instituting proceedings as the law directs. But the delay or neglect on the part of the officers of the state certainly constitutes no ground of defense on the part of the principal in the bond, unless the statute of limitations applies.

And it is settled that a general statute of limitations does not affect the state. Parmilee v. McNutt, 1 S. & M., 179. The statute of 1844, sec. 9, Hutch. Code, 831, relied on, does not, by express terms, include the state. It must, therefore, be held to apply exclusively to actions brought by individuals or third persons, as it is a settled rule of construction that the state shall never be subjected to the provisions of a disabling statute, or affected in any of its privileges, unless the intention to do so is clearly expressed in the law.

The court below, therefore, should have given judgment for the state on the demurrer.

Let the judgment be reversed, and cause remanded for further proceedings.