# Wyatt *v.* Tisdale *et al.*

### *Ejectment.*

1. *Statute of limitations applies to the State when it is expressly included.*—Where the plaintiff in ejectment claims Sixteenth Section lands under a grant from the State made in 1882, and the defendant, under his plea of adverse possession of twenty years, shows a purchase from the township trustees, and an uninterrupted adverse possession under such purchase from a period more than twenty years before the commencement of the suit, it is error to give the general charge in favor of the plaintiff, since the statute of limitations (Code, § 2613) is applicable to such action.

APPEAL from Crenshaw Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

F. G. Tisdale and others brought statutory ejectment against M. A. Wyatt for a tract of land embraced in the sixteenth section (school lands). After the plaintiff introduced a grant from the State made in 1882, and rested, the defendant introduced the deposition of Warner Ellison, who testified that one Tisdale made him a deed to the lands sued for in 1864, and that he paid Tisdale the purchase-money. Plaintiff moved to exclude this testimony, on the ground that Tisdale was dead, and a warrantor of the title to the lands to the witness, who was therefore interested in the result of the suit, which motion was sustained by the court. The court gave the general charge for the plaintiff.

GARDNER & WILEY, and M. W. RUSHTON, for appellant.

I. H. PARKS, for appellees.

COLEMAN, J.—In December, 1890, appellees, as heirs at law of J. J. Tisdale, sued appellant in ejectment to recover a certain tract of land, described as a part of the sixteenth section, township 7, range 18. Plaintiffs relied upon a deed from the Governor of the State of Alabama, executed on the 16th day of January, 1882, to J. J. Tisdale, their ancestor.

The defendant pleaded, separately, the statute of limitations of ten years and twenty years, and adverse possession during that time. The court gave the general affirmative charge for the plaintiffs. The evidence on the part of the defendant in the ejectment suit tended to show that, prior to the year 1860, J. J. Tisdale was in the possession of the lands, claiming under a purchase made at a public sale by township trustees; that one Ellison purchased from him in 1860, and went into immediate possession, and claimed and held the land as his own. Up to this point no written evidence of these transactions was introduced, but parol proof of them was made, without objection. A sufficient predicate was not laid for the introduction of the parol proof of the contents of a deed from Tisdale to Ellison for the land. There was evidence of the destruction of the records of the court-house of Covington county, but no sufficient proof was offered as to the loss or destruction of the original deed to Ellison, and its absence was not accounted for. The evidence shows that on December 3, 1863, Ellison conveyed by deed the land to J. M. Wyatt and one Balock, and on June 1st, 1870, Balock sold and conveyed by deed his interest to J. M. Wyatt. The purchasers from Ellison went into possession of the land, and held it as their own under their purchase and deed, until the year 1875, when J. M. Wyatt died. Under an order of the Probate Court, the lands were sold as belonging to the estate of J. M. Wyatt, and purchased by Thos. H. Wyatt, who went immediately into possession. A deed was executed to Thomas H. Wyatt by a commissioner appointed by the court for this purpose, dated the 15th of December, 1875. The defendant is in possession, holding and claiming the land under a deed executed by Thomas H. Wyatt. It will be seen from this statement of the facts that at least from December, 1863, to the time of the commencement of this suit, a period exceeding twenty-five years, the defendant in ejectment, and those from whom by mesne conveyances she derived title, had been continuously and adversely in possession of the land under color of title, holding and claiming the same in their own right. The continuity of the adverse possession was unbroken during this entire time. It is contended, however, that the statute of limitations does not run against the State, that the maxim "*nullum tempus occurrit republicæ*" applies. Such is the law, unless the statute expressly by its terms is made to apply to the State, or unless it is clear from the statute that it was so intended.—*Miller v. State*, 38 Ala. 600.

Our statute prescribing the time within which suits must

be brought, which has been in force at least since the adoption of the Code of 1852, is as follows: Section 2613. Limitations of twenty years. Within twenty yeurs.

1. Actions at the suit of the State against a citizen thereof for the recovery of real or personal property.

2. Actions by or for the use of any township for the recovery of any sixteenth section or other school lands belonging to the township.

The authority of the legislature to make the statute apply to suits by the State, or for the recovery of sixteenth section lands, is not doubted, and there is no reason why a different construction should be given to the statute or a different principle applied when the suit is by the State, or one claiming through the State, than that applied to private persons. These lands were held in trust by the State, and not as property of the State, and it has been decided that a purchaser of sixteenth section lands, at a sale made by the sheriff under execution against one who bought from the township trustees, and who went into possession and held under the sheriff's deed, was in under color of title, and that his possession became adverse, although the statute wonld not run in favor of the first purchaser until after the payment of the purchase-money to the trustees.—*Miller v. State,* 38 Ala. 600; *Burks v. Mitchell,* 78 Ala. 61.

We hold the court erred in giving the general charge for the plaintiff. On the contrary, if the jury believed the phase of the evidence as we have stated it, the verdict should have been for the defendant.

Reversed and remanded.