The State v. Dixon.

---

THE STATE OF KANSAS, *Appellant,* v. ELLA G. DIXON et al., *Appellees.*

No. 18,417.

SYLLABUS BY THE COURT.

1. STATUTE OF LIMITATIONS—*No Defense to an Action by the State.* As a general rule statutory limitations do not run against the state when it sues in its sovereign capacity, unless the statute expressly includes the state or the legislative intention to include it is shown by the clearest implication.

2. ——— *Nuisance—Perpetual Injunction—Lien for Costs—No Execution for Five Years—Judgment Not Dormant.* The code provisions limiting the time within which a revivor of an action or judgment must be had in case of the death of one or more of the parties thereto does not include the state or apply to it, and in order to keep alive a judgment in favor of the state perpetually enjoining the maintaining of a common nuisance under the prohibitory liquor law on certain premises and adjudging that the attorneys' fees and costs in the case be a lien thereon it is not necessary that an execution be issued upon the judgment within five years from the rendition of it as is required to prevent dormancy of an ordinary judgment.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed October 11, 1913. Reversed.

*William W. Pease,* county attorney, for the appellant.
*John T. Dixon,* of Junction City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action by the state against Mary Dixon and others, brought under a provision of the prohibitory liquor law, the defendants, their agents, successors and assigns, and all other persons were perpetually enjoined from keeping and maintaining, and from permitting others to keep and maintain, a liquor nuisance on certain premises in Junction City. The judgment was rendered on November 18, 1908, and among other things it was adjudged that the fees and costs of the proceeding should be a lien upon the premises. Pending an appeal from that judgment, and on May 22, 1909, Mary Dixon died. On November 4, 1910, the appeal was dismissed in the supreme court, and the enforcement of the judgment was directed. The attorneys' fees and costs, adjudged to be a lien on the premises, were never paid, and in this proceeding, which was brought June 29, 1911, the state asked that the lien be foreclosed and enforced as against the premises. The appellees, who now own the property, contended that the judgment was dormant and ineffectual, because no steps had been taken to revive it after the death of Mary Dixon. More than two years had elapsed between her death and the bringing of this proceeding. On the other hand, appellant contended that the provisions of the statute relating to dormancy of judgments did not operate to bar the state from the enforcement of its judgment, and especially judgments of this character. The trial court sustained the contention of appellees and the state appeals.

Section 436 of the code provides that if parties die after judgment a revivor may be had in the name of their representatives or successors. As to the time in which it may be done, it is provided that:

"If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant." (Civ. Code, § 437.)

Another provision relating to dormancy and revivor is:

"If execution shall not be sued out within five years from the date of any judgment, including judgments in favor of the state or any municipality in the state, that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." (Civ. Code, § 442.)

Neither of these provisions bars the enforcement of the lien in favor of the state. Upon the death of a party after judgment it may be good practice for the state to give notice to and bring in the representatives, successors or subsequent owners, but it is a general rule that statutory limitations do not run against the state when it sues in its sovereign capacity, unless the statute expressly includes the state or the intention to include the state is shown by the clearest implication. It has been frequently held that neither statutory limitations nor laches bars the state or its municipalities as to any claim for relief in a governmental matter or the enforcement of what may be termed a public right. (*Wood v. M. K. & T. Railway Co.,* 11 Kan. 323, 349; *The State v. School District,* 34 Kan. 237, 8 Pac. 208; *Roberts v. M. K. & T. Rly. Co.,* 43 Kan. 102, 113, 22 Pac. 1006; *The State v. Book Co.,* 69 Kan. 1, 76 Pac. 411, 1 L. R. A., n. s., 1041; *Osawatomie v. Miami County,* 78 Kan. 270, 96 Pac. 670, and cases cited.)

The state is not included, either expressly or by necessary implication, in the code provisions limiting the time within which a revivor may be had where the death of a party occurs. The provisions of section 442 do include the state in terms, and therefore to prevent dormancy of an ordinary judgment the state, as well as other litigants, is required to sue out an execution within the five-year period. An execution, however,

was not essential to the vitality of the judgment in question. It was a judgment against the property, and also an adjudication not only against Mary Dixon, who owned the property when the judgment was rendered, but was equally binding on all others who may own or occupy the property in the future. In a proceeding to punish a party for violating an injunction in a similar case it was contended that the judgment had become dormant and the lien inoperative because no execution had been issued thereon, and it was said that:

"The provision of the code that a judgment shall become dormant and cease to operate as a lien upon the estate of the debtor when execution has not been taken out for a period of five years has no application to a judgment of this character. It was final and perpetual, and no execution was necessary to continue it in force." (*The State, ex rel., v. Durein*, 46 Kan. 695, 700, 27 Pac. 148.)

Appellees contend that the judgment is twofold in its character, and that part of it adjudging that the attorneys' fees and costs be made a lien on the property is distinct and separable from other portions of it, and that the bar of the statute applies to it. An execution is no more necessary as to one part of the judgment than the other. The state is not barred from enforcing either part of the judgment. It may be said, however, that if the lien declared should be treated as a separate feature of the judgment and subject to the limitations of ordinary judgments the five-year period mentioned in section 442 had not expired when this proceeding to enforce the lien was commenced, and therefore it could not be held to be dormant even if that provision of the code were held to be applicable.

The judgment will be reversed and the cause remanded for further proceedings.