(90 South. 873)

**CRANE CO. v. STATE ex rel. DAVIS, Atty. Gen. (6 Div. 905.)**

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied June 30, 1921. Judgment after Mandate, Oct. 26, 1921.)

**Limitation of actions ⊂⇒11(1)—Statute not applicable to actions by the state, unless it expressly or impliedly so provides.**

Statutes of limitation do not apply to actions by the state, unless a legislative intention that they shall do so is shown by the statute or by implication; but where the limitation is fixed by the statute, the state is equally bound with the citizen.

Merritt, J., dissenting.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by the State of Alabama, on the relation of its Attorney General, against the Crane Company, for franchise tax for the year 1911. Judgment for plaintiff, and defendant appeals. The judgment was reversed and remanded, but was later affirmed, in accordance with mandate of Supreme Court, (206 Ala. 393, 90 South. 871) on certiorari.

The facts on which the opinion is rested sufficiently appear therefrom.

---

R. C. Redus, of Birmingham, for appellant.

This action is barred by the statute of limitations, and the court erred in sustaining demurrers to the plea. Sections 4830, 4831, and 4832, Code 1907.

Harwell G. Davis, Atty. Gen., and Thomas J. Judge, Asst. Atty. Gen., for appellee.

Unless it is expressly so stated, statute of limitations does not run against the state. 6 Port. (Ala.) 84; 16 Ala. 239; 161 Ala. 639, 49 South. 814; 38 Ala. 600; 127 U. S. 338, 8 Sup. Ct. 1136, 32 L. Ed. 134; 179 Iowa, 563, 160 N. W. 50, L. R. A. 1917E, 1160; 85 Ky. 198, 3 S. W. 139.

SAMFORD, J.  The state by this action seeks to recover an alleged deficit due by the defendant for franchise taxes for the year 1911.  The defendant pleads the statute of limitation of three and six years. The state demurs to the plea on the ground that the statutes pleaded do not run against the state.  The demurrer was sustained, and, the defendant declining to plead further, judgment was rendered in favor of the state for the amount sued for.  A determination of this question depends upon a construction of sections 4830 and 4832 of the Code of 1907.

It is unquestionably the law, sustained by almost if not all respectable authority, and based upon the soundest reasons of public policy, that statutes of limitations do not apply to actions by the state, unless a legislative intention that they shall do so is shown by express language or appears by the clearest implication.  17 R. C. L. p. 970, § 344.  It is equally well settled that, where the limitation is fixed by statute, the state is equally bound with the citizen.  State v. Schmidt, 180 Ala. 374, 61 South. 293; Wyatt v. Tisdale, 97 Ala. 594, 12 South. 233; State v. Dixon, 90 Kan. 594, 135 Pac. 568, 47 L. R. A. (N. S.) 905; Crane v. Reeder, 21 Mich. 24, 4 Am. Rep. 430; Com. v. Hutchinson, 10 Pa. 466; State v. Joiner, 23 Miss. 500; Atty. Gen. v. Revere Copper Co., 152 Mass. 444, 25 N. E. 605, 9 L. R. A. 510.

Under section 2794, subd. 1, of the Code of 1896, the state was specifically barred from maintaining a suit for the recovery of real or personal property after a lapse of 20 years.  This remained the law until the adoption of the Code of 1907, which will be adverted to later.  Under this limitation it is clear that, when the state was suing in its sovereign capacity, there was no limitation of action except as to real and personal property.  Neither this section nor any other section dealing with the subject of limitations, except as above stated, mentioned the state, either directly or by reference.  But for the section and subdivision supra, there would have been no limitation of any kind running against the state, in actions instituted by it in its sovereign capacity.  In the Code of 1907, however, we find a very different statute.  Remembering it to have been the policy of the state, at least since the Code of 1876, to place a limitation on actions by the state in suits to recover real and personal property, there was written into the Code of 1907, under the general head, "Limitation of Actions," section 4830, relieving the state of the limitation as to time in actions for the recovery of lands mentioned in section 3859 of the Code of 1907, itself a new section, written by the Code Commission.  If, as was contended by appellee, it was not the intention of the legislative power to continue a limitation of action upon the state as to some actions, section 4830 would not have been necessary, for by simply leaving out subdivision 1 of 2794, as it appeared in the Code of 1896, the state would have been entirely eliminated from the chapter "Limitation of Actions."

But evidently the legislative power had no such intention, as is indicated by the fact that the state was considered in the chapter on "Limitations of Actions," and all sections in that chapter must be construed together. Section 4830, being a new section, states specifically when there is no limitation to an action by the state, and this of itself might by necessary implication embrace the state in the statutes following in the chapter on that subject.  But, that there could be no doubt of its intention, section 4832 of the Code of 1907, changing the verbiage of section 2793 of the Code of 1896, to meet the changes in the chapter occasioned by the addition of sections 4830 and 4831, provides, "*All other* civil actions must be commenced after the cause of action has accrued, within the period prescribed in this chapter and not afterwards," thus tying all the sections in the chapter together in one subject, and making each dependent upon and relating to the other, and in Ballard v. Miss. Cotton Oil Co., 81 Miss. 507, 34 South. 533, 62 L. R. A. 407, 95 Am. St. Rep. 476, it was held that the amendment of a statute relating to railroad companies alone by re-enacting it with the insertion of the word "all" in place of the word "railroad" cannot be restricted by construction, so as to apply only to railroad corporations and others of that kind.  We fail to see how any construction of section 4832 could be had that would exclude sections 4830 and 4831.

In view of the fact that it had been the settled policy of the legislative power in this state, as evidenced by the various statutes of limitation appearing in the Codes prior to the Code of 1907, to place limitations upon the state with respect to certain actions, and the specific inclusion of the state in the general chapter relating to limitations, it would appear that the Legislature considered statutes of limitation to be statutes of re-

pose, and as such favorably regarded, and, as is said by Mr. Sedgwick in his work on Construction of Statutes, at page 84:

"There seems little reason why the government should be excepted from their operation, or why a power so abundantly able to protect itself should be armed with the formidable weapon of a perpetual claim."

This general policy is emphasized by section 2260 of the Code of 1907, dealing with the public revenues, wherein a limitation of five years is placed, and while this section does not govern the case at bar, it shows conclusively the legislative policy that, even as to the collection of taxes, there should be a period fixed, after which the citizen may not be disturbed in his business by reason of dormant claims held by the state.

By this statute the Legislature seems to have put this state alongside of New York by adopting a liberal policy, consenting in this respect to put the government on an equality with the citizen. Whether it is wise or not it is not within our province to say. The Legislature has spoken, and it is the duty of the courts to give full effect to the legislative will, and any efforts by the courts to throw discredit on statutory provisions as unjust or inexpedient is but to arrogate to themselves a censorship over the law-making power, which our Constitution has nowhere intrusted to them. The Legislature may change the statute, if it sees fit; but it may not be done by judicial construction.

The suit in the instant case is a civil action brought to enforce the payment of a debt due the state in 1911, and under our view is barred. It follows that the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

MERRITT, J., dissents.

PER CURIAM. In accordance with the mandate of the Supreme Court, rendered in the cause of Ex parte State of Alabama ex rel. Harwell G. Davis, in re Crane Co. v. State ex rel. Harwell G. Davis, 206 Ala. 393, 90 South. 871. This cause is affirmed.

MERRITT, J. (dissenting). The adoption of the Code of 1907 carried with it section 3859, written by the Code Committee, providing for suit in the name of the state for the recovery of what is known as state or school lands, and likewise the adoption of the Code carried with it sections 4830 and 4831, which removed the limitation of time within which the state, any county, or municipal corporations should bring such suit. Previous to this and for many years prior there was a limitation of 20 years within which the state could institute actions, not only for the recovery of real, but for the recovery of personal, property. Code 1886, § 2613; Code 1876, § 3224.

The contention is made in the instant case that the action is barred by the limitation of 3, 5, and 6 years, and this is rested on section 4832 of the Code of 1907. This section is the same as section 3223, Code of 1886, with the exception that the words "All other" are added at the beginning of the section. It is regarded as a well-settled principle that a statute of limitation does not run against the state, unless it is expressly named. Doe, etc., v. Townsley's Heirs, 16 Ala. 239; Chastang v. Dill, 19 Ala. 426; Swann v. Gaston, 87 Ala. 574, 6 South. 386; Adler v. Prestwood, 122 Ala. 372, 24 South. 999.

The Code sections above referred to (Code 1907, §§ 4830 and 4831) were dealing with the subject of real estate, and were not to create, but to strike down, an existing limitation as regards the subjects therein named, and, after dealing with such subjects, we do not believe there was any intention to fix any limitation of time within which the, state could bring suit, as regards other subjects, by the addition of the words "All other" to section 4832. Certain it is that there is no express limitation placed on the state by the addition of these words. Sections 4830 and 4831 deal with the suits by state, county, and other municipal corporations, the statute of limitations, and, as regards real estate, that the state, county, and other municipalities have an interest in and are complete within themselves. Section 4832 deals with "All other" than the state, county, and other municipalities, both real, personal, and mixed, and does not either impliedly or expressly fix a limitation of time against the state.

The demurrers were properly sustained. The judgment of the circuit court is affirmed.

Affirmed.