## WILLIAM OLIVER *v.* JOHN C. LOYE.

COVENANT OF WARRANTY. *Foreign land. Bill for reimbursement. Venue.*
   A purchaser of land situated in Louisiana from a vendee with warranty
    of title, can maintain a bill in a chancery court of this State, where
    the covenantor resides, to obtain reimbursement for expenditures in
    resisting a suit and extinguishing a paramount title.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

*Nugent & McWillie*, for the appellant.

There being no privity of contract between the appellant and the appellee, but only privity of estate, the action is local and cannot be maintained, for the reason that the land does not lie within the jurisdiction of the court in which the bill is filed. *Lienow* v. *Ellis*, 6 Mass. 331 *; Clark* v. *Scudder*, 6 Gray, 122 ; *White* v. *Sanborn*, 6 N. H. 220 ; *Barker* v. *Damer*, 1 Salk. 80 ; *Way* v. *Yally*, 2 Salk. 651 ; *Thursby* v. *Plant*, 1 Saund. 237 ; *Birney* v. *Haim*, 2 Litt. 262 ; *Thrale* v. *Corn-*

*wall,* 1 Wilson, 165; 1 Chitty Pl. 270; Com. Dig. title " Action," N. 4. Our statute upon this subject was not designed to affect a case like this. If not authorized by the statute, the complainant had no right to sue in a chancery court in this State upon a covenant running with the land in Louisiana. *Dyer* v. *Britton,* 53 Miss. 270; *White* v. *Presly,* 54 Miss. 313.

*H. B. Mayes,* for the appellee.

In this State the common-law distinction between local and transitory actions is abolished by statute, and all civil proceedings at law and in equity are transitory, except as otherwise enacted. Code 1871, §§ 522, 977; Code 1880, §§ 1498, 1847. The statute enumerates the local actions, without naming covenant for breach of warranty, which is therefore, whether based on privity of contract or of estate, transitory, and when, for the same matter, the proceeding is in equity, it is alike transitory.

CAMPBELL, J., delivered the opinion of the court.

The appellee exhibited his bill in the Chancery Court of Copiah County to obtain reimbursement for expenditures made by him in resisting a suit and in extinguishing a paramount title asserted and maintained as to land situated in Louisiana, which the appellant had sold and conveyed with a warranty of title to one Smith, who assigned to the appellee. The bill was demurred to, because the land is in Louisiana, and the right of the complainant sprung not from contract, but from privity of estate by reason of the covenant of warranty of title which runs with the land, and therefore the courts of this State cannot give relief, because, it is said, and conceded on both sides, that an action founded in privity of estate is by the common law local and not transitory, and is not maintainable out of the jurisdiction in which it arose.

It is the settled doctrine in England and America at common law that no *local* action can be maintained out of the jurisdiction in which it arose, and although this is, in many instances, to deprive a party of all remedy, the rule is said to be peremptory and inflexible. Accordingly, it has been repeatedly held, that trespass for injuries to land in one country

or State cannot be maintained in another, and that no recovery can be had on a covenant running with land by an assignee of the covenantee, except in the State where the land lies, even when the covenantor resides elsewhere. *Doulson* v. *Matthews*, 4 T. R. 503; *Livingston* v. *Jefferson*, 1 Brock. 203; *Watts* v. *Kinney*, 23 Wend. 484, 6 Hill, 82; *Eachus* v. *Illinois & Michigan Canal*, 17 Ill. 534; *Worster* v. *Winnipiseogee Lake Co.*, 25 N. H. 525; *Lienow* v. *Ellis*, 6 Mass. 331; *Clark* v. *Scudder*, 6 Gray, 122; *University of Vermont* v. *Joslyn*, 21 Vt. 52; *White* v. *Sanborn*, 6 N. H. 220. If this case is governed by the common law, the suit is not maintainable. All the cases cited above rest upon the common law, and the distinction it made between local and transitory actions.

Originally, all actions were local, and great regard was had to place, so that every material allegation of a pleading had to be accompanied by the averment of a place, in order that a jury might be summoned from the proper neighborhood, if issue should be taken on any of such allegations. The courts, in order to relieve against the difficulties which arose from the necessity of the proper venue in every action, took a distinction between matters which were local, and those which were transitory, and invented a fiction whereby actions for causes of a transitory character, wherever they arose, might be maintained without regard to locality, " while no cognizance could be taken of local actions save when a jury of the county could be summoned to try them." A result was that for an injury to the person or chattels, and for a breach of any contract, even if it related to land, a remedy might be had in the courts of another State or country than that in which the injury was done or in which the land lay. In other words, if the action was transitory and not local, it was maintainable anywhere.

The courts in England soon freed themselves from the fetters of locality, as to all causes of action of such nature that they might arise anywhere, and by means of falsehood, politely called fiction, and stated under a *videlicet*, which was an apology for not telling the truth, maintained actions on such causes of action as arose out of the territorial jurisdiction of the courts of England. But such causes of action as could

from their nature arise only in one place, and therefore were considered as local, and to be redressed only by local actions, did not arise with the frequency of the other class, and did not press upon the courts sufficiently to induce them to include them in the fiction invented to sustain the other class of actions, and as to them the courts continued bound by the idea of the place at which they arose. Therefore it is that courts governed by the common law as to actions and process have felt bound to deny a remedy for causes of action arising abroad, which could be redressed only by local actions. Tried even by this rule an action might be maintained in the Circuit Court of Copiah County, by the appellee against the appellant, for by our law it is not local but transitory. The only local actions under our statute are ejectment and actions of trespass for injuries to land. They must be brought in the county in which the land lies. All other actions must be brought with reference to the person of the defendant.

The common law distinction of local and transitory actions does not exist here. The statute alone governs, and we cannot disregard it, and, because under the common law no remedy could be had by the assignee of a covenantee in a covenant of warranty of title of land lying in another State, deny a remedy in the courts of this State, which does not treat such an action as a local one. The courts which have held such an action not maintainable have done so under stress of the common law, which they felt so bound them as to constrain them to do what reason revolted at. Happily, we are freed from the constraint of this absurd rule, and look to our statutes to see what actions may be maintained by our courts. The appellee might maintain an action for money paid to the use of the appellant. *Kirkpatrick* v. *Miller*, 50 Miss. 521 ; *Dyer* v. *Britton*, 53 Miss. 270. In the last case cited Britton was an assignee of the covenantee, and was held to be entitled to maintain *assumpsit for money paid.* Certainly that is not a local action under the common law. But apart from all this, which is conclusive of the case, this is not an action at law, but a suit in equity, which never was hampered by distinctions of local and transitory causes of action, as were courts of law. All of our courts must exercise their

jurisdiction in proper places, but except as prescribed by statutes, the place which gave birth to a cause of action is of no influence in determining the jurisdiction of a court.

There is no objection to maintaining a suit in the courts of one State, because it arose out of a controversy about land in another State, for it is admitted that a remedy will be afforded by the courts of one State on a contract about land in another. And it is settled that an action by the covenantee for a breach of warranty of title is not local,. but is transitory, because it is said to arise from contract, and, being transitory, it would follow that it might be maintained anywhere, unaffected by the locality of the land. In England the actions made transitory by the statute, 32 Henry VIII. c. 34, were held to be freed from the feature of *locality* before affecting them. In Massachusetts a statute was held to have wrought a change in the character of an action otherwise a local one, and to authorize it to be brought elsewhere. *Sumner* v. *Finegan*, 15 Mass. 280 ; *Pitman* v. *Flint*, 10 Pick. 504. This is the doctrine in Ohio. *Genin* v. *Grier*, 10 Ohio, 209. See also *Miller* v. *Thurmond*, 20 Mo. 477, and *Graves* v. *McKeon*, 2 Denio, 639. We are by no means prepared to say that an action for damages for an injury to land situated out of this State may not be maintained in the courts of this State. This question is not now presented for decision, and is adverted to, lest we may be considered as committed to the doctrine that, because such an action arising in this State must be instituted in the county in which the land lies, therefore where the land lies out of the State, and the statute cannot be complied with, no action can be maintained. It may be that the statute regulating the venue of actions relates only to such local actions as arise in this State, and that all causes of action arising abroad, not involving recovery of possession of land, are maintainable by the court of that county where the defendant may be found. We leave this an open question.

*Decree affirmed.*

Judge COOPER, having been counsel in the case, takes no part in its decision.