D. H. ARCHIBALD *v.* MISS. & TENN. R. R. Co.

1. ACTIONS. *Distinction between local and transitory.*
   Whether actions in this state are local or transitory is governed solely by statute, and not by the common law.

2. LOCAL ACTIONS; WHAT ARE.
   The only local actions in this state are ejectment and trespass on land, styled at common law trespass *quare clausum fregit.*

3. VENUE OF ACTIONS.
   Local actions must be commenced in the county where the land is situated. All other actions must be brought with reference to the person of the defendant. Code 1880, § 1498; *Oliver* v. *Loye,* 59 Miss. 320.

4. SAME. *Action for damage from overflow. Case in judgment.*
   An action to recover from a railroad company damages which accrued to plaintiff's land from the manner in which the company constructed its road-bed along the line of said land, is not a local action, and may be brought in any county where any part of such railroad may be.

5. ACTION OF TRESPASS ON LAND DEFINED.
   An action is not an action of trespass on land, within the meaning of code 1880, § 1498, unless there exist the elements of force and entry necessary to constitute the common law action of trespass *quare clausum fregit.*

FROM the circuit court of Yalobusha county.
HON. W. M. ROGERS, Judge.

The facts are stated in the opinion.

*Sullivan & Whitfield*, for appellants.

This is a personal, not a real action. It is not a suit for land, but to recover damages for flooding land. It is not a local action under code 1880, § 1498. Even in the two actions made local by said statute, if the land is in two or more counties, the residence of the defendant, if in one of them, controls.

For the discussion of the subject of the venue in suits against railroads, see 1 Rorer on Railroads 671, and cases cited, and, as decisive of this case, *Ga. R. R. & Banking Co.* v. *Kirkpatrick*, 35 Ga. 144. That case decides that the statute, not the common law, controls. See also 1 Rorer on Railroads 672 ; *Baldwin* v. *R. R. Co.*, 5 Iowa 518 ; *Graham* v. *R. R. Co.*, 64 N. C. 631.

*W. P. & J. B. Harris*, for appellee.

This is an action of trespass on land, and, under code 1880, § 1498, must be brought in the county where the land lies. The prior law said action *" quare clausum fregit; "* the code of 1880 says, instead, *"* actions of trespass on land.*"* The form of the declaration is not assumpsit but trespass, following the form prescribed by code, § 1543.

If this action can be brought out of the county of the land, ejectment may be so brought.

This is not a cause arising *"* from the business of a railroad company*"* in the sense of the term as used in code, § 1542. The phrase has reference to matters growing out of transportation, running of trains, and the like. Such is the business of railroads as contemplated by the statute. Is the store-house a part of the mercantile business? Would injury to adjoining land abused in the course of constructing a store-house be considered an injury arising from the mercantile business? We think not.

ARNOLD, C. J., delivered the opinion of the court.

The suit was brought by appellants in Yalobusha county, to recover damages for injury to land situated in Panola county, caused by the land being overflowed on account of the manner in which the track of the railroad company had been constructed along the line of the

land. The cause was dismissed on motion of appellee, on the ground that the land injured was not located in the county where the suit was brought, and the court was therefore without jurisdiction.

The common law distinction between local and transitory actions does not exist here. The statute alone governs. The only local actions with us, are ejectment and trespass on land. They must be commenced in the county in which the land lies. All other actions must be brought with reference to the person of the defendant. Code, § 1498; *Oliver* v. *Loye*, 59 Miss. 320.

The action here is not local under the statute. It is not to recover on account of an invasion of the possession of appellant, or for trespass committed on the land; but for damages that resulted in consequence of a wrongful act disconnected from the land. The action of trespass on land, to become local under the statute, must contain the elements of force and entry necessary to constitute the common law action of trespass *quare clausum fregit*.

*Reversed and remanded.*