the second ground therein stated, with costs, but with the usual leave to amend on payment of costs.

Demurrer sustained, with costs, with leave to amend on payment of costs.

(29 Misc. Rep. 511.)

## HASSARD v. UNITED STATES OF MEXICO et al.

(Supreme Court, Appellate Division, First Department.   December 8, 1899.)

1. STATE COURTS—FOREIGN STATE—JURISDICTION.
   State courts have no jurisdiction of an action against a foreign sovereign state or a political subdivision thereof.

2. FOREIGN STATE—ATTACHMENT—VACATION.
   Though Code Civ. Proc. § 682, does not provide that an attachment against a foreign state may be vacated on motion of a United States attorney, the court will vacate such an attachment on his motion, though he expressly disclaimed any authority to appear for the attachment defendant, and appears merely as a friend of the court, since the court has no jurisdiction of such an action, and it is absolutely void.

Appeal from special term, New York county.

Attachment action by John G. Hassard against the United States of Mexico and others.   From an order vacating the attachment, plaintiff appeals.   Affirmed.

The following is the opinion of the court below (BOOKSTAVER, J.):

This motion is made by the United States attorney for the Southern district of New York, under instructions from the attorney general of the United States, to vacate an attachment obtained by the plaintiff against the defendants, and to dismiss the complaint, upon the ground that this court has no jurisdiction of the subject-matter.   The action is against the republic of Mexico and states of Tamaulipas and San Luis Potosi, the latter two being subordinate divisions of the former.   The amount claimed is $3,075,000, with interest at 7 per cent. from September 1, 1865, which is alleged to be the sum due upon 3,075 bonds of the amount of $1,000 each, issued by the defendants on or about July 4, 1865.   The United States district attorney disclaims appearing by any authority from the defendants, but only on instructions from the attorney general, and as amicus curiæ, to call the attention of the court to its want of jurisdiction in the premises.   That the court is without jurisdiction seems to be a proposition beyond serious dispute.   The principal defendant is an independent sovereign nation, having treaty relations with this country, and the other defendants are subordinate divisions thereof.   It is an axiom of international law of long-established and general recognition that a sovereign state cannot be sued in its own courts, or in any other, without its consent and permission.   For applications of this doctrine, see The Exchange v. McFaddon, 7 Cranch, 116, 3 L. Ed. 287; Manning v. State of Nicaragua, 14 How. Prac. 517; Beers v. Arkansas, 20 How. 527, 15 L. Ed. 991.   This principle extends so far that a sovereign state, by coming into court as a suitor, does not thereby abandon its sovereignty, and subject itself to an affirmative judgment upon a counterclaim.   People v. Dennison, 84 N. Y. 272; U. S. v. Eckford, 6 Wall. 490, 18 L. Ed. 920.   So far as this doctrine is applied to foreign powers, it is obviously based upon sound considerations of international comity and peace, and it is significant that this country is so solicitous on this point that it has by its constitution (article 3, § 2, subd. 2) conferred upon its highest judicial tribunal original jurisdiction in all cases affecting ambassadors or other public ministers and consuls; and by section 687 of the Revised Statutes of the United States that jurisdiction is made exclusive, and is extended even to domestics or domestic servants of such foreign representatives.   That state courts scrupulously recognize their own lack of jurisdiction is illustrated in Valarino v. Thompson,

7 N. Y. 576, where it was held that the exemption was a privilege, not of the representative, but of his sovereign, and that he could not waive it. It was also there stated that the court will put a stop to the proceedings at any stage on its being shown that they have no jurisdiction. So far as jurisdiction is concerned, there is no difference between suits against a sovereign directly and suits against its property. Stanley v. Schwalby, 147 U. S. 508, 13 Sup. Ct. 418, 37 L. Ed. 259; U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171.

The plaintiff's attorney strenuously combats the right of the district attorney to intervene, and points out that section 682 of the Code provides expressly the only methods by which a motion to vacate an attachment can be made, and that the district attorney has no standing under these provisions. The fault of this argument lies in the fact that section 682 makes no provision for vacating an attachment of this kind, because the legislators never contemplated the issuance of such an attachment. Properly speaking, this is not a proceeding to vacate a thing that ever had validity, but rather to revoke what was the result of an inadvertence in an ex parte proceeding, and a nullity ab initio, and to set the court right on its own records and in the eyes of the world. The motion should be granted.

Motion granted.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

F. Bien, for appellant.
E. E. Baldwin, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the court below.

---

(29 Misc. Rep. 475.)

MAYER v. MOORE et al.

(Supreme Court, Special Term, New York County. November, 1899.)

MORTGAGES—ASSIGNMENT OF JUDGMENT.
      Where a mortgagee, foreclosing her first mortgage, also held a second mortgage, which she alleged was destroyed, the holder of a third mortgage was entitled to an assignment of her judgment of foreclosure, on executing to her an agreement to pay the amount due on the second mortgage whenever she, in an appropriate proceeding, should establish her right to collect the amount due thereon.

Suit by Alice Mayer against Ida E. Moore and others to foreclose a mortgage. Motion by the Lawyers' Surety Company, junior mortgagee, to require plaintiff to assign her judgment of foreclosure and sale to it. Granted.

Marx & Mayer, for plaintiff.
Norwood & Dilley, for defendant Lawyers' Surety Co.

SCOTT, J. The plaintiff, being the owner of a second mortgage upon certain property, has prosecuted this action of foreclosure to judgment. The plaintiff is also mortgagee of record of a third mortgage upon the same property. The defendant, the Lawyers' Surety Company, holds a fourth mortgage, and now moves that plaintiff be required to assign to it the judgment of foreclosure and sale in this action upon payment of the principal sum due, with interest and costs, and whatever expenses may have been incurred since the entry of judgment. Were it not for the existence of the