ALBERT C. C. WEST v. MALCOM L. McCLURE.

1. FORMS OF ACTION.    *Tree cutting.    Trespass quare clausum fregit.    Assumpsit.*

     A count in a declaration averring that defendant entered upon
     plaintiff's land and cut trees and carried them away, and de-
     manding the value of the trees so cut and carried away, and
     another count in the same declaration, averring that defendant
     entered upon plaintiff's land and cut and carried away trees,
     whereby he became liable to pay plaintiff the value of said trees,
     and undertook and promised the plaintiff to pay him the value of
     said trees, are both *in assumpsit,* and not trespass *quare clausum
     fregit.*

2. LOCAL ACTIONS.    *Transitory actions.*

     An action of *assumpsit* to recover the value of trees cut by defend-
     ant on plaintiff's land is not local, but is a transitory action; and
     the proper court of Tennessee has jurisdiction of such an action
     for trees cut in this state, the defendant being there found and
     served with process.

FROM the circuit court of Tunica county.

HON. SAMUEL C. COOK, Judge.

McClure, the appellee, was plaintiff, and West, the appellant,
defendant in the court below. From a judgment in plaintiff's
favor the defendant appealed to the supreme court. The opin-
ion states the facts of the case upon which the decision turned.

*Perkins & Winston,* for appellant.

The court should have overruled the demurrer to the plea set-
ting up the want of jurisdiction in the Tennessee court to ren-
der the judgment sued on in this case.

The plea shows that the circuit court of Shelby county, Ten-
nessee, had no jurisdiction to render the judgment sued on.
It shows that the real cause of action in the suit in Tennessee
was a trespass to land situated in Tunica county, Mississippi,
and that the judgment was rendered for this trespass; that the
defendant in that suit was at the time of the alleged trespass,

and continued to be afterwards, a citizen and resident of Tunica county, Mississippi; that while passing through Shelby county, Tennessee, as a traveler, he was sued in said circuit court in said suit, and that on the trial of the same no evidence was offered, except to prove said alleged trespass.

The court in that suit had jurisdiction only of the person of the defendant. It did not have jurisdiction of the subject-matter of the suit, the real cause of action. Jurisdiction is the authority to hear and determine a cause. To have complete jurisdiction in actions in *personam,* a court must have jurisdiction of the subject-matter as well as the person. 17 Am. & Eng. Ency. Law, 1060; *Foute* v. *McDonald,* 27 Miss., 610.

Jurisdiction of the subject-matter of a suit is conferred by the sovereign authority of the state. 17 Am. & Eng. Ency. Law, 1060; *Cooper* v. *Reynolds,* 77 U. S., 308. By jurisdiction of the subject-matter is meant the nature of the cause of action and of the relief sought. *Cooper* v. *Reynolds, supra.*

The real cause of action, if any, in the suit in Shelby county, Tennessee, arose in Tunica county, Mississippi, within the territorial limits and jurisdiction of the state of Mississippi, and was in its essential nature local. Only the state of Mississippi in its sovereign capacity had the right and power to confer jurisdiction to hear and determine such a cause of action.

It is a fundamental principle that the states of the union are sovereign as respects the power of one to affect the citizens of another by its judgments. Therefore state laws have no extra-territorial effect, and no state can extend its process beyond its territorial limits to subject either persons or property to its judicial decisions. No sovereignty can extend its process beyond its own territorial limits to subject either persons or property to its judicial decisions. Every exertion of authority of this sort beyond this limit is a mere nullity and incapable of binding such persons or property in other tribunals. The courts of a state are, however general may be their jurisdiction, necessarily confined to the territorial limits of the state. Any·

attempt to act upon persons or things beyond them would be deemed usurpation of foreign sovereignty not justified or followed by the law of nations. Such is the familiar, reasonable, and just principle of the law of nations, and it is scarcely supposable that the framers of the constitution designed to abrogate it between states which were to remain as independent of each other for all but national purposes as they were before the revolution. Certainly it is not intended to legitimate an assumption of extra-territorial jurisdiction which would confound all distinctive principles of separate sovereignty. *Deering* v. *Bank of Charleston,* 5 Ga., 497 (s.c., 3 Am. St. Rep., 300) ; *Weimer* v. *Weimer,* 82 Va., 890 (s.c., 3 Am. St. Rep., 126) ; *Piquit* v. *Swan,* 5 Mason, 35 ; *Steele* v. *Smith,* 7 Watts. & S., 451; *Lattimer* v. *Railway Co.,* 43 Mo., 105 (s.c., 97 Am. Dec., 378) ; Story on Conflict of Laws.

The action of trespass *quare clausum* is of that class which is not merely local in contradistinction to transitory, but it is local in a jurisdictional sense, because the cause of action is territorial, and no court has jurisdiction to try such cause outside of the sovereignty where the land is. *Ellenwood* v. *Chair Co.,* 158 U. S., 107; *Northern, etc., R. Co.* v. *Michigan, etc., R. Co.,* 56 U. S., 233; *Allin* v. *Lumber Co.,* 150 Mass., 560 (s.c., 6 L. R. A., 416) ; *Dodge* v. *Colby,* 108 N. Y., 445 ; *Niles* v. *Howe,* 57 Vt., 391; *DuBreuil* v. *Pac. Co.,* 130 Ind. (s.c., 29 N. E. Rep., 909) ; *Morris* v. *Railroad Co.,* 78 Tex., 17 (s.c., 22 Am. St. Rep., 22) ; *Livingston* v. *Jefferson,* 1 Brock., 203.

*W. A. Percy,* for appellee.

The jurisdiction of the Tennessee court to award judgment in an action for the value of timber cut on lands in the state of Mississippi is absolutely settled in the state of Mississippi by the case of *Evans* v. *Miller,* 58 Miss., 120. This case held that whenever timber is cut down and converted into logs an action *in assumpsit* can be maintained to recover their value. The declaration specifically alleges that "being so indebted for said

trees cut, carried off, and converted to their own use, the defendant undertook to pay," etc. .

The same doctrine is reaffirmed in *Alliance Trust Co.* v. *Nettleton Hardwood Co.*, 74 Miss., 584, in which it is held that trover, purely a transitory action, is maintainable for timber cut.

The gist of the action is not, as asserted by the appellant, the trespass on the close, but it is the conversion of the valuable timber to the use of the trespasser. It is not the waste which the trespasser has committed, but the benefit which the trespasser has reaped, which is the subject of suit; and the situation is identical with one that would arise where one entered the close of another and took therefrom valuable furniture or jewels, the taking and removing of the trees being a ground of action entirely independent from the trespass upon the close.

CALHOON, J., delivered the opinion of the court.

McClure, claiming to own some land in Tunica county, Mississippi, finding West in Shelby county, Tennessee, sued him in that county and state, and had him served there with process to defend his action against him. McClure's declaration in the circuit court of Tennessee has two counts. The first avers that West went on his Mississippi land and cut trees, and claims *in assumpsit* the value of the trees so cut and carried off and converted to his own use by West. The second count charges that McClure "entered upon the said land and cut (the trees), and thereupon he became liable to the plaintiff (McClure) for the value of said trees, and thereupon he became liable," etc., and "undertook and promised to pay," etc. Both counts are clearly *in assumpsit* for values on their face, and neither is technically for trespass *quare clausum fregit.* To this Tennessee declaration West pleaded not guilty, *non assumpsit,* and specially that he went on the land and cut the trees under a license from the then owner, and before McClure was owner. On these issues, and these only, trial was had, and a verdict

rendered for McClure, from judgment on which West appealed to the supreme court of Tennessee, which affirmed the judgment. Thereupon McClure sued West in Tunica county, Miss., on that Tennessee judgment, and West pleaded that the Tennessee court had no jurisdiction, the action in its second count being in fact trespass *quare clausum fregit*, which is local, and not transitory, the land being in Mississippi; and that the other count was put in simply to prevent a plea to the jurisdiction, being a wrongful joinder of *assumpsit* with the trespass. A demurrer to this plea was sustained, and West declined to plead further, and comes to this court. The transcript of the Tennessee record discloses no testimony on either side, but the plea in Mississippi avers that no evidence was offered on the claim *in assumpsit,* and that the jurisdictional point was made and overruled. As to this the Tennessee transcript is silent.

On these facts, and our view of *Evans* v. *Miller,* 58 Miss., 120 (38 Am. St. Rep., 313), and *Alliance, etc.,* v. *Nettleton,* 74 Miss., 584 (21 South. Rep., 396; 36 L. R. A., 155; 60 Am. St. Rep., 531), and *Archibald* v. *R. R. Co.,* 66 Miss., 424 (6 South. Rep., 238), and the intimation in *Oliver* v. *Loye,* 59 Miss., 324, the case now before us is

*Affirmed.*