CITY OF JACKSON *v.* STATE *ex rel.* MITCHELL, ATTY.-GEN.

(Division A., Jan. 27, 1930. Suggestion of Error Overruled, Feb. 24, 1930.)

[126 So. 2. No. 28414.]

W. E. Morse, of Jackson, for appellant.

308

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

310

Argued orally by **W. E. Morse**, for appellant and by **J. A. Lauderdale**, Assistant Attorney-General, for appellee.

**Cook, J.**, delivered the opinion of the court.

The state of Mississippi, on the relation of the Attorney-General, filed this suit in the county court of Hinds county against the city of Jackson, alleging that the said city was indebted to the state in the sum of six hundred thirty-two dollars and fifteen cents, as a distributor of gasoline purchased by the said city outside of the state and used by the city on its streets. The cause was heard in the county court on the pleadings and an agreed statement of facts, and a judgment was rendered in favor of the state, from which the city appealed to the circuit court. The circuit court affirmed the judgment of the county court, and thereupon the city prosecuted an appeal to this court.

It was agreed that the city of Jackson is a municipal corporation in Hinds county, Mississippi, and that it purchased from the Gulf Refining Company of New Orleans, La., one tank carload of gasoline containing twelve thousand six hundred forty-three gallons, and that the same was shipped from Baton Rouge, Louisiana, and was received in Jackson and stored in a tank owned by said city. It was further agreed that the state tax on gasoline is five cents per gallon; that no tax has been paid on the

said gasoline either by the Gulf Refining Company or by the city of Jackson; that, if the city of Jackson is due any tax on said gasoline, the total amount thereof is six hundred thirty-two dollars and fifteen cents, with interest and damages; that the gasoline so purchased was intended to be and was used by the fire trucks, police cars, and motorcycles, garbage trucks, and other municipal usage on the streets; that no part thereof is sold by the city, and no employee of the city is permitted to use said gasoline for his private purposes; that Hinds county has eight hundred seventy-eight miles of public roads outside the city limits, and the city has two hundred forty-five miles of streets within its corporate limits; that about eighty-five per cent of the automobiles registered in Hinds county are owned by the citizens of the city of Jackson; and that the city receives no part of the gasoline tax.

Section 1 of chapter 21, Laws of 1928 (Extraordinary Session), provides as follows:

"That any person engaged in the business of distributor of, or wholesale dealer in gasoline, shall pay for the privilege of engaging in such business an excise tax of five cents per gallon upon all gasoline received in this state for sale or use on the streets or highways thereof. Such tax shall be paid by the retail dealer or user when the gasoline received or used by him shall have been purchased or acquired by, from, or through any person, firm, association, partnership or corporation not licensed as a distributor or wholesale dealer in this state, as hereinafter defined."

Section 2 of the said act of 1928 prescribes what gasoline shall be included in, and what shall be excluded from, the measure of tax, and expressly provides for the sale of gasoline to the Federal government or any of its departments, agencies, or instrumentalities, without the payment of the tax, by providing that any distributor who sells to the Federal government, or any of its departments or instrumentalities, gasoline on which the tax

has been paid, may deduct from his next monthly statement and payment the amount of the tax on such gasoline, upon filing with the state auditor a written report thereof duly verified by oath, and also a certificate in writing signed by the officer, agent, or other employee of the Federal government making such purchase to the effect that such gasoline was purchased for the use of the Federal government, or some one or more of its departments, agencies, or instrumentalities.

Section 3 of the said act of 1928 defines the words "distributor or wholesale dealer," and particularly designates certain classes of persons, associations, and corporations that shall come within the meaning of the term distributor as used in the act, this section reading as follows:

"Every person, firm, co-partnership, corporation, or association of persons who shall engage in the business of selling or distributing gasoline for resale at retail, or otherwise, shall be deemed a distributor or wholesale dealer, and every person, firm, co-partnership, association, corporation or association of persons purchasing or acquiring, in any manner for use on streets, roads or highways, sale or distribution, by retail or otherwise, from any source other than from a distributor or wholesale dealer of gasoline, duly licensed as such in this state, shall be deemed a distributor of gasoline and subject to all the provisions of law pertaining to distributors, or wholesale dealers of gasoline."

The tax imposed by section 1 of the said act of the Extraordinary Session of 1928 is a privilege tax imposed upon the distributor or wholesale dealer, and measured by the amount of gas sold or used on the streets and highways of the state, and it was within the power of the legislature to provide that all users of gasoline purchased or acquired from any source other than a duly licensed distributor or wholesale dealer should be deemed distributors within the meaning of the word as used in the statute, and the city is liable for this tax, unless it may

be held that municipalities do not come within the meaning of the words "person, firm, co-partnership, association, or corporation," or that it was not the intention of the legislature to tax any of the subdivisions or taxing districts of the state.

Section 1590, Code of 1906 (section 1422, Hemingway's 1927 Code), defines the term "person," when used in any statute, as follows:

"The term 'person,' when used in any statute, shall apply to artificial as well as natural persons; and when used to designate the party whose property may be the subject of offense, shall include the United States, this state, or any other state, territory, or . . . county, city, town or village which may lawfully own property in this state; also all public and private corporations, as well as individuals."

The appellant contends, however, that this statutory definition of the term "person" is not controlling, and, in support of its contention that the word as used in this statute imposing a gasoline tax does not include municipal corporations, it relies upon the case of Dollman v. Moore, 70 Miss. 267, 12 So. 23, 24, 19 L. R. A. 222, in which the court said that "primarily the word 'person' means a natural person," and held that municipal corporations do not come within the meaning of the word 'person' as used in the statute giving the chancery courts jurisdiction of attachments against a nonresident, absent, or absconding "debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent, or absconding debtor." In that case, however, the court held that, when the word "person" is used in statutes, "its signification is so controlled by the contexts that it may be said to rest upon it," and "the word may or may not include the state and its subdivisions," and rested its conclusion that municipal corporations were not included within the meaning of the word as used in the statute under consideration, on the ground that the subject-matter of the statute was

wholly foreign to the ordinary functions of public corporations, and imposed burdens, duties, and liabilities upon them without any corresponding benefits; the language of the court upon this point being as follows:

"Whether a state or municipality or other corporation exercising a subdivision of its sovereignty is included by the terms of a statute—not being expressly named—must be determined by a consideration of the subject-matter of the statute, its purpose and effect. Where the statute primarily refers to matters foreign to the ordinary functions of public corporations, and imposes burdens, duties, or liabilities upon them without any corresponding benefits, the inference must be that it was not the legislative purpose that such corporation should be subject to its provisions. The inconvenience which would arise from subjecting these bodies, created for the performance of public functions, to be proceeded against as garnishee at law and in equity, and where a mere neglect to respond to a summons would subject the public represented by such corporation to the burden of a judgment for the demand of the attaching creditor is strongly persuasive against such construction of the statute as would include these bodies."

The tax imposed upon, and collected from, distributors and users of gasoline is required to be expended by the state highway commission and the boards of supervisors of the several counties in the construction and maintenance of highways outside of the municipalities, and the burden imposed upon the municipalities as a result of the tax is not out of proportion to the benefits derived by them from the construction, improvement, and maintenance of the highways, or arteries of trade and commerce, which are so necessary to the life and prosperity of such municipalities, and without which their sources of revenue and subjects of taxation would rapidly decay and disappear. The act of providing motive power for a city's automobiles, trucks, and other instrumentalities used on the streets is an ordinary and necessary function

of municipal government, and we are therefore of the opinion that the general statutory definition of a person applies, and that municipalities are included in the meaning of the word as used in this statute.

The appellant contends, however, that it was not the intention of the legislature that municipalities should be required to pay this tax, for the reason that the state does not tax its political subdivisions. It is undoubtedly the general rule that, where the effect of a statute is to restrict the rights of, or impose liabilities upon, the state or its political subdivisions, it will be held to be inapplicable to them, unless they are included expressly or by necessary implication. The language of this statute includes within the designation of distributors who are required to pay the tax all persons using on the streets or highways gasoline purchased or acquired from any source other than a duly licensed distributor, and we are influenced to conclude that it was the intention of the legislature that municipalities should pay the tax by an analysis of the provisions of the act expressly providing a method by which the Federal government, and its departments and instrumentalities, are relieved of the payment of the tax. The act provides for the sale of gasoline to the Federal government without the added cost of such tax by providing that, when gasoline on which the tax has been paid is sold to the Federal government, or any of its departments, agencies, or instrumentalities, the distributor may secure a refund of, or a credit for, the tax paid on such gasoline by filing with the state auditor a proper report thereof, together with a certificate signed by the agent, or other employee of the Federal government who made such purchase, to the effect that such gasoline was purchased for the use of the Federal government, or some one or more of its departments, agencies, or instrumentalities. There is no such provision for obtaining credit for the tax paid on gasoline sold by a licensed distributor to any subdivision of the state, and consequently a distributor who has paid the tax on the

gasoline acquired by him for resale will protect himself by collecting the tax from any municipality to which he may sell gasoline, and there is no apparent reason why the legislature should have intended to relieve a municipality from payment of this tax when the gasoline used on its streets is purchased from an unlicensed distributor outside of the state, and at the same time, by the necessary effect of the statute, require the payment of the tax, if the municipality purchases gasoline from a licensed distributor within the state.

The judgment of the court below will therefore be affirmed.

Affirmed.