CITY OF JACKSON *v.* WALLACE.

(In Banc. May 20, 1940. Suggestion of Error Overruled July 5, 1940.)

[196 So. 223. No. 33847.]

**W. E. Morse**, of Jackson, for appellant, City of Jackson.

254

Brewer & Hewitt, of Jackson, Hathorn & Williams, of Poplarville, and Mounger & Calhoun, of Tylertown, for appellee.

Green, Green & Jackson, and **A. M. Nelson,** all of Jackson, for Mississippi Power & Light Company on motion to dismiss.

Argued orally by **W. E. Morse,** for appellant, and **E. B. Williams** and **William H. Hewitt,** for appellee.

**Ethridge J.,** delivered the opinion of the court.

The appellee, plaintiff in the court below, brought a suit in the Circuit Court of Walthall county against the Mississippi Power & Light Company, having a power line in Walthall county; and also against the city of Jackson, a municipal corporation in Hinds county, Mississippi, for a personal injury sustained in Jackson, where the Mississippi Power & Light Company has its principal place of business.

There was a plea to the jurisdiction of the Circuit Court of Walthall county as to the city of Jackson, in which it was set up that the city was a municipal corporation domiciled in Hinds county, Mississippi, and was not suable outside of the county of its domicile, and could not be joined in a suit with the Mississippi Power & Light Company outside of Hinds county. The Circuit Court overruled its plea, and after the evidence was closed gave an instruction directing a verdict for the Mississippi Power & Light Company, and submitted the case to the jury on the liability of the city of Jackson for the alleged injury, which resulted in a judgment against the city

in favor of the plaintiff for $20,000; from which judgment this appeal is prosecuted.

The city of Jackson also requested a peremptory instruction at the close of the evidence, based on the ground that it was not suable in Walthall county, and that a directed verdict should be given in its favor, which instruction was refused. There are a number of assignments of error in the case, but we deem it necessary to deal with the question of jurisdiction alone, as our conclusion in regard thereto leads to the reversal and dismissal of the case.

The statute of this state is silent as to the venue of actions against municipal corporations, and consequently the common law prevails in regard thereto. In 19 R. C. L., page 1049, section 338, it is said: "It is held by the great weight of authority that an action against a municipal corporation, whatever the character of the action, is inherently local, and must be brought in the county in which the municipality is situated. It is considered to be of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation. For these reasons a statute providing that a corporation may be sued in any county in which it regularly exercises its franchises has been held not to be applicable to a municipal corporation."

In 44 C. J., page 1471, section 4680, title, Municipal Corporations, on the subject of venue it is said: "Actions against municipal corporations have been described as local and not transitory, and it has been held that such actions must be brought in the county in which the municipality is situated, or in the courts of the municipality, except where jurisdiction is expressly conferred elsewhere by statute."

The appellees in the court below relied upon the cases of Oliver v. Loye, 59 Miss. 320, and Archibald v. Missis-

sippi & T. R. Co., 66 Miss. 424, 6 So. 238, as controlling the subject of venue, taken in connection with sections 495 and 496, Code of 1930. These sections do not apply, in terms, to municipal corporations, and it is a settled rule of construction that the state shall never be subjected to the provisions of the disabling statute, or affected in any of its privileges, unless the intention to do so is clearly expressed in the law; State v. Joiner, 23 Miss. 500. And unless it be clear and indisputable from the act (of the legislature) that it was intended to include the state or its subdivisions; Josselyn v. Stone, 28 Miss. 753. Statutes restricting rights or imposing liabilities on the state or public subdivisions would be held inapplicable to them, unless included expressly or by necessary implication; City of Jackson v. State, 156 Miss. 306, 126 So. 2; cf., also, Furlong v. State, 58 Miss. 717.

It is well settled in this state that statutes in derogation of the common law will be strictly construed; Hollman v. Bennett, 44 Miss. 322; McInnis v. State, 97 Miss. 280, 52 So. 634; Potter v. Fidelity & Deposit Co., 101 Miss. 823, 58 So. 713.

In the case of Simpson v. Neshoba County, 157 Miss. 217, 127 So. 692, 693, we had before us the question as to whether a county could be sued outside of the courts of the county, by joinder with another defendant, and although the statute applicable in that case expressly provided that the county could be sued in any court situated at the county site, it was contended that the section was inapplicable, and that the county could be sued in another county where a joint defendant resided. After referring to the statutes involved in that case, it is said: "It is the contention of the appellant that under the last section it was competent to sue Newsom in the county and district of his residence and bring the county into said district as a codefendant. It is our view that this contention is not well founded. A county is a subdivision of the state and partakes of the sovereignty of the state and can only be sued in the way and on the

conditions prescribed by law, and section 3980 of Hemingway's 1927 Code (section 309, Code of 1906) has provided how a county may be sued, and where the suit shall be instituted. This statute is not affected by the general statute as to ordinary parties litigant. There is sound reason for requiring a county to be sued in the county, or in the court which sits at the county site and has jurisdiction of the suit. A county can only act through its officers, and these officers are charged with various duties for the public welfare. In defending suits against counties, the officers might be taken out of the county or called away from their public duties and the public interests would suffer in many cases by reason of their absence from their duties while attending court in other places than at the county site. The records might often have to be carried away from the county site, if such suits were maintained, to the place where the suit was tried and would endanger the safety of the said records and discommode the public who might desire to resort to the records for any lawful purposes for which they are made and used.''

The same reasoning applies in the case of municipal corporations. While the statute is silent as to where the municipal corporation may be sued, we think the common law prevails, as it is not debarred by a statute any further than the language of the statute makes necessary. Both will be construed to co-exist where they are consistent, and where there is no statute upon the subject the common law prevails; and if a statute is enacted, and then repealed, the common law again comes into play.

What was said in Oliver v. Loye, 59 Miss. 320, and in Archibald v. M. & T. R. Co., 66 Miss. 424, 6 So. 238, is properly applied to the case then before the Court, and must be limited to the case which the Court was called upon to decide. Language beyond the litigation in which it is used is limited to the facts involved in the litigation, and all beyond that, necessary or proper for the construction of the particular subject matter before the

Court, is mere dictum—not decision. The parties in each of the cases mentioned were private parties, and the statute prescribed the venue in such actions; and the venue, of course, was controlled by the statute. But what is said beyond, while broader than might have been used, must be restricted to the case in which it was used. There is no reason to hold that these pronouncements beyond the decision of the case fixes venue against municipal corporations contrary to the common law. The language is susceptible of construction, because of the broadness of the language used, that there was no common law upon the subject. But it was not necessary so to decide, and consequently the expressions beyond the necessities of the case are mere dicta.

The common law has been followed in this state, and so far as our reports disclose no municipality has been sued outside of the county of its domicile. Since the filing of this suit the legislature has enacted a statute reannouncing the common law rule, showing it to be the legislative purpose for municipalities to be sued in the counties in which they are located.

The reasons above indicated are sufficient to warrant the view that it was the legislative purpose to maintain the common law upon the subject. The authorities cited in Corpus Juris and Ruling Case Law, in accordance with the views herein expressed, are sound, and we follow them. For this reason the judgment of the lower court must be reversed, and the cause dismissed without prejudice to the bringing of a suit in Hinds county, in the district in which the city of Jackson is located.

Reversed and dismissed.

**McGowen, J.,** delivered a dissenting opinion.

I cannot bring myself to the view adopted by the majority of this Court in their construction of our venue statute, Section 495, Code 1930, so dissent from that holding that the City of Jackson was not suable in Walthall

County. The Mississippi Power & Light Company was a defendant found in that county. The City of Jackson was a defendant named in that suit.

Section 2391, Code 1930, provides that each city, town or village, which is incorporated, shall be a municipal corporation, with power: "First.—To sue and be sued."

This same language will be found in the charters of most, if not all, private corporations. The quoted power is unlimited and unrestricted. If the municipality sues another, it becomes a plaintiff or complainant in the circuit, chancery or other court. If it is sued in any court, it is a defendant; if sued with another defendant, then the municipality is a joint defendant.

Section 495 makes no distinction between defendants, whether a defendant be a municipal or private corporation. If a municipal corporation can be lifted from the meaning of the word "defendant," by the same stroke of the pen, a private corporation could be lifted from the operation of the statute. The Legislature, in using the word "defendant", could have used no broader word to be found in the dictionary. Private corporations and municipal corporations exist under the same legislative fiat in that they are granted the power to sue and be sued, so, no distinction by refined construction can be made when either class is sued. In any event, either or both of them are defendants. To me it is obvious that the statute includes and applies to municipalities if the question were a new one in this State; but it is not new, it has already been given this construction by this Court more than once.

In the case of Oliver v. Loye, 59 Miss. 320, this statute was before the Court for a construction of the same language now before us in this venue statute It was then contended in the lower court that the land involved did not lie within the jurisdiction of the chancery court under the common law rule as to the distinction between local and transitory actions.

Opposing counsel replied that our venue statute abolished all common law distinctions, except when otherwise

enacted; that the statute by its own terms enumerates all local actions excepted. Judge Campbell adopted the latter view, holding that the only local actions under our statute were ejectment; and actions of trespass for injuries to land, and then said: "They must be brought in the county in which the land lies. *All other actions must be brought with reference to the person of the defendant.* The common law distinction of local and transitory actions does not exist here. *The statute alone governs* and we cannot disregard it, . . .". (Italics ours.)

The venue statutes then construed were Sections 522, 977, Rev. Code 1871; Section 1498, Rev. Code 1880; and have not been changed except to create other exceptions as to local actions.

Again, in Archibald v. Mississippi & Tenn. R. R. Co., 66 Miss. 424, 6 So. 238, 239, the venue statute, Section 1498, Code 1880, was construed, and declared the law to be: "The common-law distinction between local and transitory actions does not exist here. *The statute alone governs.* The only local actions with us are ejectment and trespass on land. They must be commenced in the county in which the land lies. *All other* actions must be brought with reference to the person of the defendant. Code, Sec. 1498; Oliver v. Loye, 59 Miss. 320." (Italics ours.)

These decisions are binding upon this Court. Since their rendition, many Legislatures have convened without changing it so as to except municipal corporations. The statute, so far as it applies here, has been reenacted without change in the Codes of 1906 and 1930,—the Legislature thereby recognizing and adopting the Court's construction.

By Section 309, Code 1906; and Section 270 of Code 1930, counties were lifted from the operation of the general statute by providing that the venue should be the county site of the county sued. In Simpson v. Neshoba County, 157 Miss. 217, 127 So. 692, this Court held in effect that Section 270 was in force, along with the general.

venue statute. The latter decision was in no sense a construction of the general venue statute, but, in my opinion, tends to strengthen the view that a statute and not the common law must be looked to to localize the venue as to municipal corporations.

Still further, a general and well recognized rule for construction of statutes is that where a statute uses broad language, and thereafter recites specific exceptions, then, it is presumed that the Legislature intended to limit the exceptions to those specifically set forth therein.

At the common law as to venue, it was the rule that all actions against public municipal corporations were local, even though the form of action was transitory, on the ground of inconvenience, and some courts of this country have so held on the idea that the common law applied to a statute employing the same language as ours, —that a county or a public municipal corporation must be sued in all actions in the court of the domicile of such municipal corporations.

However, the weight of authority is in line with our Court; as announced in Oliver v. Loye, supra, that the statute on venue is the test of territorial jurisdiction as to municipal corporations. Raymond v. Lowell (Mass.), 6 Cush., 524, 53 Am. Dec. 57; National Shawmut Bank v. Waterville, 285 Miss. 252, 189 N. E. 92; New Jersey Imperial Road Co. v. Gloucester County, 80 N. J. L. 640, 77 A. 1022; Hesselbrock v. Burlington County, 111 N. J. L. 177, 168 A. 45; Van Horn v. Kittitas County, 28 Misc. 333, 59 N. Y S. 883, Id., 46 App. Div. 623, 61 N. Y. S. 1150; Harman v. Ft. Lauderdale, 134 Misc. 133; 234 N. Y. S. 196; Muskingum County Infirmary v. Toledo, 15 Ohio St. 409; Board of Com'rs of Kiowa County v. Kiowa Nat. Bank, 141 Okl. 271, 284 P. 634; Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662; Hunt v. Pownal, 9 Vt. 411; State ex rel. King County v. Superior Ct., 104 Wash. 268, 176 P. 352; Northern P. R. Co. v. State, 144 Wash. 505, 258 P. 482; Oklahoma City v. District Court, 168 Okl. 235, 32 P. (2d) 318, 93 A. L. R. 489.

The language of the venue statute is so plain and unambiguous as not to call for construction. The Legislature wrote into the statute all of the exceptions as to local actions it intended.

It seems inescapable that this Court unequivocally decided that there was no common law as to venue in this State, and with that construction upon it, the Legislature reenacted it; thereby, the statute, as construed by this Court, became the plainly expressed will and intention of the Legislature. The Legislature endorsed, approved and adopted this construction. See Hamner et al. v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466; Womack v. Central Lumber Co., 131 Miss. 201, 94 So. 2; and Burks v. Moody, 141 Miss. 370, 106 So. 528, 107 So. 279.

I frankly concede that inconvenience will arise if and when a municipal corporation is sued out of its county, but, it is my view that this matter of inconvenience is addressed to the Legislature, and is not to be entertained by the judicial branch of this government.

At the time this action was brought, this action was properly brought in Walthall County in so far as venue is concerned.

In reporting this case, the Court Reporter will set out Section 495, Code of 1930.[1]

McGehee, J., dissents.

---

[1] "495. *Venue of actions, what county generally—actions against public officer to be brought in county of his residence.*—Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided, and except actions of trespass on land, ejectment, and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them, the action shall be brought in the county of his residence, and in such

cases, process may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence."