# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-01315-SCT

*RANKIN COUNTY, MISSISSIPPI*

*v.*

*BOARDWALK PIPELINE PARTNERS, L.P., AND GULF SOUTH PIPELINE COMPANY, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/2021 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| TRIAL COURT ATTORNEYS: | DONALD ALAN WINDHAM |
| | WILLIAM L. SMITH |
| | BENJAMIN GILBERT BRYANT |
| | CHRISTINA MARIE NUNEZ |
| | MARK C. BAKER, SR. |
| | WILLIAM "TREY" JONES, III |
| | CRAIG LAWSON SLAY |
| | JACOB ARTHUR BRADLEY |
| | SHELDON G. ALSTON |
| | JOHN STEWART STRINGER |
| | BRIDGETTE TRENETTE THOMAS |
| | W. LUCIEN SMITH |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | WILLIAM "TREY"' JONES, III |
| | CRAIG LAWSON SLAY |
| | SHELDON G. ALSTON |
| | JACOB ARTHUR BRADLEY |
| ATTORNEYS FOR APPELLEES: | WILLIAM L. SMITH |
| | BENJAMIN GILBERT BRYANT |
| | MARK C. BAKER, SR. |
| | DONALD ALAN WINDHAM |
| | W. LUCIEN SMITH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 06/15/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    On interlocutory appeal, this Court is asked to determine whether venue is proper in the Chancery Court of the First Judicial District of Hinds County when Rankin County is named as a defendant and the Mississippi Department of Revenue is joined as a necessary party. We hold that, under the venue provisions of Mississippi Code Section 11-45-17 and this Court's consistent construction of these statutory provisions as mandatory and controlling, venue is proper only in Rankin County. Therefore, the chancellor erred by denying Rankin County's motion to transfer venue.

### FACTS AND PROCEEDINGS BELOW

¶2.    Gulf South Pipeline Company, LLC,[1] owns an underground natural gas storage facility in Rankin County. It owns additional properties, including pipelines, that run through thirty-two Mississippi counties. As a public service corporation with property situated in more than one Mississippi county, property belonging to Gulf South in this state is assessed centrally by the Mississippi Department of Revenue rather than by individual county tax assessors. Miss. Code Ann. § 27-35-303(1) (Supp. 2022). After conducting the central assessment, MDOR apportions the tax revenues among the several counties in which the property is located. Miss. Code Ann. § 27-35-309 (Supp. 2022).

¶3.    A significant amount of the natural gas stored in Gulf South's Rankin County facility is owned by Gulf South's customers and, therefore, it is excluded from MDOR's central

---

[1] Gulf South is a wholly owned subsidiary of Boardwalk Pipeline Partners, L.P.

2

assessment. The Rankin County tax assessor requested that Gulf South disclose the volume of natural gas owned by each of its customers. Gulf South had provided the county a general list of its customers, but it declined to provide the more specific data related to volume per customer.

¶4.     Following Gulf South's refusal to provide these data, in September 2021 the Rankin County tax assessor gave notice of its intention to assess Gulf South more than sixteen million dollars for approximately four billion cubic feet of natural gas stored by Gulf South but owned by its customers.[2] Rankin County asserted that it is authorized to make such an assessment under Mississippi Code Section 27-35-23(1)(a) (Rev. 2017), which requires a person liable to taxation in a given county to provide a "true list of his taxable property . . . in his own right or in the right of his wife or minor child, or as executor, administrator, guardian, trustee, agent, or otherwise, rendering separate lists of the property of each."

¶5.     Gulf South filed this action in the Chancery Court of the First Judicial District of Hinds County, seeking to enjoin the assessment and seeking a declaratory judgment that MDOR is the exclusive entity with the authority to assess a public service corporation with property located in more than one Mississippi county. Gulf South responded that it always has satisfied its tax obligations, that Rankin County's position is unsupported by Mississippi law, and that no other county tax assessor in the state has taken the position that a public service corporation can be locally assessed via Section 27-35-23 for property it stores but

---

[2] This total included back assessments covering the years 2014-2020.

does not own. Gulf South joined the MDOR as a party.[3]

¶6.    The chancellor granted a temporary restraining order enjoining Rankin County from "revising any assessment of plaintiffs' property; from levying, imposing, or collecting additional taxes on the basis of such an assessment; and from initiating criminal charges against Gulf South and/or Boardwalk on the basis of the alleged unpaid taxes." Rankin County filed a motion to transfer venue, which was denied following a hearing. The chancery court took the position that both Hinds County and Rankin County were permissible venues and that the plaintiff's choice of venue should control. The chancellor found that venue in Hinds County was permissible under the general chancery venue statute, Mississippi Code Section 11-5-1 (Rev. 2019), because Gulf South owns property in Hinds County that potentially would be impacted by the declaratory judgment.

¶7.    This Court granted Rankin County's petition for interlocutory appeal.

## STANDARD OF REVIEW

¶8.    Selection among permissible venues is reviewed for abuse of discretion. *Holmes v. McMillan*, 21 So. 3d 614, 616-17 (Miss. 2009). However, "[v]enue is a function of statute." *Forrest Gen. Hosp. v. Upton*, 240 So. 3d 410, 415 (Miss. 2018) (internal quotation marks omitted) (quoting *Park on Lakeland Drive v. Spence*, 941 So. 2d 203, 206 (Miss. 2006). Therefore, "if the interpretation of a venue statute is at issue, this Court will review the trial court's decision de novo." *Holmes*, 21 So. 3d at 617 (citing *Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008)).

---

[3] MDOR agrees that it is a necessary party to the request for a declaratory judgment, but it has not taken a position on the venue question.

4

## DISCUSSION

¶9.     Rankin County argues that the dispositive venue provision is Mississippi Code Section 11-45-17 (Rev. 2019), which provides:

> Any county may sue and be sued by its name, and suits against the county shall be instituted in any court having jurisdiction for the amount sitting at the county site; but suit shall not be brought by the county without the authority of the board of supervisors, except as otherwise provided by law.

This Court has construed Section 11-45-17 to mandate that "when a county is being sued, such suit should take place in that county's court even if the presence of a codefendant would normally make venue proper in another county." *Boston v. Hartford Accident & Indem. Co.*, 822 So. 2d 239, 246 (Miss. 2002), *overruled on other grounds by Cap. City Ins. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505 (Miss. 2004); *see also Simpson v. Neshoba Cnty.*, 157 Miss. 217, 127 So. 692 (1930). Mandatory language in a venue statute "has the effect of ranking [the] venue statute above other venue statutes in circumstances where more than one may apply." *Cap. City Ins.*, 889 So. 2d at 517; *see also Crenshaw v. Roman*, 942 So. 2d 806, 810 (Miss. 2006). Additionally, a more specific statute will control when statutes are irreconcilably inconsistent. *Miss. Gaming Comm'n v. Imperial Palace of Miss., Inc.*, 751 So. 2d 1025, 1030 (Miss. 1999).

¶10.    In *Boston*, this Court found that a wrongful death suit against a county must be brought in that county even though the mandatory venue provisions of the Mississippi Tort Claims Act were not yet in force at the time of the death. *Boston*, 822 So. 2d at 245. We quoted *City of Jackson v. Wallace*, 189 Miss. 252, 196 So. 223, 225 (1940):

> A county is a subdivision of the state and partakes of the sovereignty of the

5

state and can only be sued in the way and on the conditions prescribed by law, and section 3980 of Hemingway's 1927 Code (section 309, Code of 1906) has provided how a county may be sued, and where the suit shall be instituted. This statute is not affected by the general statute as to ordinary parties litigant. There is sound reason for requiring a county to be sued in the county, or in the court which sits at the county site and has jurisdiction of the suit.

Our *Boston* opinion noted further that the statute applicable at the time of *Wallace* "was carried forward unchanged into subsequent codes and exists today as Miss. Code Ann. § 11-45-17." *Boston*, 822 So. 2d at 246. In fact, the Court's longstanding position on this venue principle "may well have provided the logical basis for the venue aspects of the [MTCA.]" *Id.* Even though the mandatory MTCA venue provisions were not retrospective, the general venue statute, Section 11-45-17, was construed appropriately to mandate venue in the county being sued.

¶11.   Here, the chancellor found, and Gulf South argues on appeal, that MDOR is not an ordinary party litigant as contemplated by *Boston*. *Boston* made clear that the venue statute pertaining to a county took precedence over a general statute permitting venue in a defendant's home county when the defendants are "ordinary parties litigant[.]" *Boston*, 822 So. 2d at 246. This Court has never addressed what limitations (if any) may be appropriately encompassed by the qualifying phrase "ordinary parties litigant." *Id.* That phrase is not present as a qualifier in any of our venue statutes. Gulf South argues that, because the MDOR also is a division of the state, it is not an ordinary party litigant and therefore the mandatory nature of Section 11-45-17 is not applicable when a county and a state agency both are defendants.

¶12.   This Court, however, has found that a statute mandating venue in a particular county

6

is controlling even when a state agency is a defendant. ***Green Hills Dev. Co., LLC v. Sec'y of State***, 275 So. 3d 1077, 1089 (Miss. 2019). In ***Green Hills***, the defendant, the secretary of state, requested a transfer of venue from Hinds County to Rankin County, which was the location of the real property in dispute. ***Id.*** We affirmed the trial court's grant of the motion to transfer venue, citing the general chancery statute, Mississippi Code Section 11-5-1. That section provides that suits to confirm title "shall be brought in the county where the land, or some part thereof, is situated[.]" § 11-5-1.

¶13.    The mandatory phrasing of Section 11-45-17 is substantially similar to that of Section 11-5-1. Similar to the secretary of state in ***Green Hills***, here, MDOR's status as a state agency does not nullify the mandatory nature of Section 11-45-17. This venue provision unambiguously provides that "suits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site." § 11-47-17. In a suit in which Rankin County is a defendant, Rankin County is the mandatory venue under Section 11-45-17. No statute mandates venue when MDOR is named as a defendant; therefore, this case does not require the resolution of conflicting or irreconcilable mandatory venue provisions.[4]

¶14.    Rankin County argues that Hinds County would not be even a permissible venue if a mandatory provision did not control. The chancellor relied on the general chancery venue

---

[4] *See **Jones Cnty v. Est. of Bright***, 351 So. 3d 458, 461, 463 (Miss. 2022) (applying a venue statute with specific language "venue specified in this subsection shall control . . . notwithstanding the provision of any other venue statute that otherwise would apply" and finding that either Jones County or Lauderdale County were appropriate venues when both counties were named as a defendant in the same suit, and the counties took precedence over the third county in which the alleged wrongful death had occurred, despite the mandatory provisions of the wrongful death statute).

statute, which provides in relevant part:

> suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be; and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found . . . .

Miss. Code Ann. § 11-5-1 (Rev. 2019). The chancellor found that jurisdiction in Hinds County was proper under this statute because a declaratory judgment would impact Gulf South's tax reporting responsibilities in every county in which it owns property, including Hinds.[5]

¶15.   Rankin County argues that the language "suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be . . ." does not broadly mean any county in which the defendant owns property and in which it arguably could have tax reporting responsibilities. We agree. The actual controversy alleged in the complaint is a dispute over natural gas stored exclusively in Rankin County. For purposes of establishing venue via the general chancery venue statute, the chancellor erred by relying on the multi-county impact a declaratory judgment would have on the tax reporting responsibilities of a public service corporation defendant. As Rankin County argues, permitting "Gulf South to file this local tax dispute in Hinds County would set a dangerous precedent permitting any taxpayer owning property in multiple counties to litigate local taxation issues in Hinds County."

---

[5] Gulf South submits that if Rankin County's novel position that Section 27-35-23 applies to Gulf South is correct, then public service corporations, in addition to being centrally assessed by the MDOR, would have reporting duties every year to each county's tax assessor.

¶16. Additionally, this Court has found that the personal property provision of the general chancery statute controls over the more general provision related to residence of the defendant. In *Guice v. Mississippi Life Insurance Co.*, 836 So. 2d 756, 758 (Miss. 2003), a life insurance company sued to have insurance certificates declared null and void on the basis of the claimant's fraud. The suit was brought in Madison County, even though the defendant resided in Jefferson County. This Court affirmed that Madison County was an appropriate venue because "the items of personal property at issue in this case, the four insurance certificates and MS Life's money, are located in Madison County." *Id.* at 758.[6] Finding the chancery venue statute to be unambiguous, the Court construed the language "and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found . . ." to mean that since "this suit concerns personal property, it is one of the categories otherwise provided for." *Id.* at 760 (emphasis omitted) (internal quotation marks omitted). Here, therefore, Rankin County, as the location of the property in dispute, must be the venue rather than the county of a defendant's residence.

¶17. Continuing its search for a statute that might set venue in Hinds County, Gulf South points to Mississippi Code Section 11-45-1, which provides that a suit may be instituted "in the county in which the seat of government may be" in the following circumstance:

> Any person having a claim against the State of Mississippi, after demand made of the auditor of public accounts therefor, and his refusal to issue a warrant on the treasurer in payment of such claim, may, where it is

---

[6] The two other counties in which the certificates were purchased also would have been permissible venues. *Id.*

otherwise not provided, bring suit therefor against the state, in the court having jurisdiction of the subject matter which holds its sessions at the seat of government; and, if there be no such court at the seat of government, such suit may be instituted in such court in the county in which the seat of government may be.

Miss. Code Ann. § 11-45-1 (Rev. 2019). But clearly none of the statutory prerequisites applies to trigger this statute. Gulf South has not made a claim against the State, it has not and could not make a demand on the auditor, and the auditor has not refused to issue a warrant on the treasurer. This statute would not operate to make Hinds County a permissible venue.

## CONCLUSION

¶18.    As ever, venue is a creature of statute. Here, Section 11-45-17 mandates venue in Rankin County because Rankin County is named as a defendant. Gulf South cannot point to a statute that would make venue in Hinds County permissible even in the absence of a mandatory controlling provision. The chancellor therefore erred by denying Rankin County's motion to transfer venue.[7]

¶19.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[7] Gulf South opens its brief by urging this Court to arrive at the ultimate merits of this case despite the absence of a ruling from a trial court construing Section 27-35-23. We decline. Gulf South chose to file suit in Hinds County. Interlocutory appeal—here pursued by Rankin County to correct venue—is not intended as a mechanism for bypassing the process of litigating merits before the appropriate trial court.